### J. R. MONTGOMERY v. C. A. RING.

(Filed 7 November, 1923.)

**1. Contracts—Writing—Ambiguity—Courts—Questions for Jury—Trials.**

While the meaning of a written contract is ordinarily interpreted as a matter of law, this rule is not applicable in case of ambiguity, and under the evidence an issue of fact is presented.

**2. Same—Evidence.**

Where the plaintiff contracted with the defendant for ten per cent to be paid him for the supervision of the building of the latter's house, if the cost of its erection should not exceed a certain sum, and there is evidence that with the ten per cent added the cost exceeded that sum, and conflicting evidence as to whether the owner added extras with this result, and

upon a counterclaim alleging that plaintiff damaged the defendant by his carelessness and the unworkmanlike manner in which he performed his services, issues of fact in these two respects are raised for the determination of the jury.

APPEAL by defendant from *Slack, J.,* at May Term, 1923, of GUILFORD.

The court directed a verdict in favor of the plaintiff for the amount found by the jury, including the 10 per cent upon the cost and the charge for the changes and additions, and that the defendant recover nothing on his counterclaim.

*T. W. Albertson for plaintiff.*
*Thos. J. Gold and Andrew Joyner, Jr., for defendant.*

CLARK, C. J. This is an action for breach of contract as to the construction of a dwelling house. The contract made 22 May, 1920, provided in detail for the construction of a dwelling house with full specifications, the plaintiff agreeing to supervise the building of the house for the defendant and "receive 10 per cent of the cost for his services, provided the total cost did not exceed the cost of $5,670, but was to receive nothing if the house exceeded that sum." The "total cost" of the house, if there is added thereto the commission of 10 per cent, would exceed the stipulated price of $5,670, but if the 10 per cent was not estimated as a part of the cost it would not exceed that sum. There were changes and additions made, alleged to have been by consent of the defendant, at an expense of $786.32, which is denied in the answer. The defendant pleaded a counterclaim for alleged careless and unworkmanlike manner in which the work was done of $902, which is denied in the reply.

The court held as a matter of law that the stipulation that the "total cost" should not exceed $5,670 should be construed as not including the 10 per cent, and, further, did not submit to the jury the issue as to the counterclaim. In these two respects we think there was error.

Ordinarily, the construction of a written contract is for the court, but when it is, as in this case, ambiguous, the meaning is a matter to be submitted to the jury. The court also erred in failing to submit to the jury the issue as to the counterclaim. In these two particulars there was

Error.