PORTER & PECK v. WEST CONSTRUCTION COMPANY.

(Filed 21 March, 1928.)

**1. Contracts—Evidence—Extrinsic Evidence—Intent of Parties.**

Where a written contract between the parties is susceptible of explanation by extrinsic evidence, and substantially incorporates previous correspondence, an instruction is not reversible error that the jury could consider the correspondence in arriving at the intention of the parties.

**2. Trial—Verdict—When Request for Directed Verdict Properly Denied.**

A request for an instruction directing a verdict upon conflicting evidence is properly refused.

**3. Contracts—Action for Breach—Damages Waived.**

In an action to recover the contract price for the construction of a highway, specifying a time limit for its completion, damages for the failure of the contractor to complete the work within the time specified is not recoverable when the evidence discloses that no claim was made therefor.

**4. Contracts—Performance—Acceptance of Performance—Evidence.**

In an action to recover the contract price for the building of a highway wherein the question of the acceptance of the work was involved, the refusal of the court to instruct the jury that a certain employee was not authorized to accept the work is not error when there is evidence that it was acquiesced in by one authorized to accept it.

**5. Instructions—Subject-Matter—Agreement of Parties.**

Where the attorneys of the parties litigant have by agreement written out their respective contentions and submitted them to the court without any objection taken at the time, it may not be successfully contended after verdict that it was erroneous for the trial judge in his instructions to give some of the contentions of the opposing party to the jury.

APPEAL by defendant from *Lyon, J.,* at October Term, 1927, of PITT. No error.

Prior to 7 April, 1922, the defendant entered into a contract with the State Highway Commission by the terms of which it was to build a road from the boundary line of Lenoir and Craven to Fort Barnwell in the latter county; and on 7 April, 1922, the plaintiff and the defendant, with the approval of the State Highway Commission, mutually executed a written contract by which certain work on the proposed road was sublet to the plaintiffs. The plaintiffs were bound by all the terms of the contract between the defendant and the State Highway Commission and were to do their work in strict conformity with its requirements. Alleging that they had completed the work in accordance with their contract, they brought suit against the defendant to recover the amount claimed to be due them, to wit, $2,178.36 with interest at 6% from 1 July, 1923. The defendant in its answer denied liability and alleged that the plaintiffs without cause had abandoned their contract and had left unfinished a considerable part of their work; that for this reason the defendant had been compelled to complete the contract and had thereby suffered loss in the sum of $4,912.22, for which the plaintiffs and their bond were liable. The case was referred and afterwards, upon exceptions filed to the referee's report, it came on to be heard in term, when the jury returned the following verdict:

1. Did the plaintiffs and the defendant enter into a contract for work to be done in and upon Highway No. 10, as alleged in the pleadings? Answer: Yes.

2. Did the plaintiffs perform their said contract, as alleged in the complaint? Answer: Yes.

3. Is the defendant, West Construction Company, indebted to the plaintiffs, and if so, in what amount? Answer: $2,176.36 with interest from 31 July, 1923.

4. Are the plaintiffs, Porter & Peck, indebted to the defendant, West Construction Company, and if so, in what amount? Answer: Nothing.

The plaintiffs admitted that they owed the defendant $1,476.15, and after deducting one amount from the other, including interest, the court gave judgment in favor of the plaintiffs for $886.14, with interest from 27 October, 1927, and the defendant appealed upon error assigned.

*Skinner, Cooper & Whedbee and Albion Dunn for plaintiffs.*

*F. C. Harding, Cowper, Whitaker & Allen and Dawson & Jones for defendant.*

ADAMS, J. On the hearing before the referee it was agreed by the parties that all objections to evidence not set out in their briefs should be deemed withdrawn, and at the trial in term the judge found as a fact that pursuant to this agreement the defendant had waived its first eighteen exceptions and, moreover, had not objected to the referee's report. As this finding is not subject to review we are not required to express an opinion on the merits of any of these exceptions.

The appellant requested this instruction: "The court further charges the jury that the contract between Porter & Peck and West Construction Company is in no wise modified or changed by either the letter written by West Construction Company to C. M. Upham, State Highway Engineer, dated 20 March, 1922, or by letter written to West Construction Company by Porter & Peck dated 11 February, 1922, being Exhibits C and B, respectively." The instruction was given with this addition: "but is only an interpretation of the contract." The qualifying phrase is the basis of the nineteenth exception.

Ordinarily a written contract merges antecedent correspondence and written instruments of prior date. The general rule is that where the entire contract is in writing and the intention of the parties is to be gathered from it, the effect of the instrument is a question of law, but if the terms of the agreement are equivocal or susceptible of explanation by extrinsic evidence the jury under proper instructions may determine the meaning of the language employed. *Young v. Jeffreys,* 20 N. C., 357; *Spragins v. White,* 108 N. C., 449; *Patton v. Lumber Co.,* 179 N. C., 103. While this principle is to be observed, we do not perceive how the defendant has been prejudiced by the introduction of letters which do not differ materially from the terms of the contract on which the defendant relies. In the letter written by the plaintiffs to the defendant on 11 February, 1922, the grading is said to include the flat grade only and neither the subgrade for paving nor the building of the shoulders; in the contract the plaintiffs agree to bring the grade within one-tenth of one foot (changed to two inches) of the finished grade for the full width of the entire roadway, "finishing the surface flat." In the letter written by the defendant to the engineer on 20 March, 1922, the only apparent inconsistency is found in the two phrases used by the

defendant in referring to its part of the work—"building the shoulders" and "finishing the shoulders." As admitted by the defendant in its brief, the plaintiffs were to grade the entire width of the roadway, but no part of this grading is known as building shoulders; when the pavement is laid the outer edges of the subgrade are made level with the pavement, and "building or finishing the shoulders" is a term used to describe this work. This the parties apparently understood. The plaintiffs offered evidence that they had laid the flat surface according to the contract, and the defendant contended that its principal trouble was the character of their work.

Exceptions 33, 35, 36 may be considered in connection with exception 20, which is directed to his Honor's refusal to give this instruction: "If the jury shall find the facts to be as testified to in this case they will find that the plaintiffs did not perform their contract, and therefore they will answer the second issue "No."

The appellant stresses this exception as the most vital point in the appeal, and it may be granted that there is an array of evidence which tends to support its contention. But the determinative point is whether there is any evidence on the other side; if there is, no error was committed in refusing to give the prayer. There is at least some evidence that the plaintiffs completed the work they had contracted to do, as may be seen by reference to the testimony of Porter, Peck, and Sowell; and this evidence we cannot disregard. True, the contract provided for completion within one hundred working days of the work that was sublet, and the defendant insists that according to the plaintiffs' own evidence the time had expired long before the work was done; but on the other hand L. B. West testified on behalf of the defendant: "We made no claim against Porter & Peck for holding up the contract. I don't know just how long Porter & Peck took to do the work they did; that is, how many working days." . . . "The difficulty we had with them was to get them to comply with that clause in the contract that required them to bring the cuts and fills to within two inches of the finished grade, so that the cuts and fills would balance out in each 100-foot station. That was our main trouble with Porter & Peck." This, in effect, is an admission on the part of the defendant that it sought no damages against the plaintiffs for delay in performing their contract. These exceptions, therefore, are not meritorious, and from this view of the evidence it follows that the answer to the third issue is not, as the defendant contends, necessarily in conflict with the answer to the second.

The defendant requested an instruction that Embrey, an employee of the defendant, had no authority to accept partial performance of the plaintiffs' contract or to decide whether its contract had been performed. The prayer was refused and the defendant noted its twenty-first exception. This instruction was precluded by Porter's testimony that he was

present when Embrey told West, the president of the defendant company, that he had accepted the grade, and that neither West nor any one for him had demanded or insisted that the plaintiffs should build the shoulders.

The contentions of the plaintiffs and those of the defendant were reduced to writing by their respective attorneys and in connection with the charge of the court they were submitted to the jury without exception or objection noted at the time; but the defendant now insists that exceptions 24 to 32, which are addressed to contentions prepared by the plaintiffs should be sustained. This position is not tenable. If the statement of the plaintiffs was objectionable the defendant in apt time should have made known its objection in order to give the judge an opportunity to correct the error or inadvertence. It has often been said that such objection will not be entertained if made for the first time after verdict. *S. v. Johnson*, 193 N. C., 701; *Proctor v. Fertilizer Co.*, 189 N. C., 243; *S. v. Ashburn*, 187 N. C., 717; *S. v. Reagan*, 185 N. C., 710; *Snyder v. Asheboro*, 182 N. C., 708.

The remaining exceptions are formal. We find

No error.