The plaintiff brought this action to recover of the defendant on a policy of insurance issued by it to the plaintiff, covering, as plaintiff alleges, certain expenditures the latter was compelled to make in the defense of a civil action based upon negligence, in which an insured tank trailer was involved. It is alleged that this particular tank trailer was insured by the defendant in such manner that the latter agreed to defend the plaintiff in any suit brought, based upon negligence or accident attributable to plaintiff in the use of said trailer, and to pay any recovery in the said suit.
A frank statement by the parties to the action, sharply outlining the crux of the controversy, renders unnecessary a more tedious statement of detail.
Briefly, the facts are these:
The plaintiff was sued for negligence in causing a fire near the Sir Walter Hotel on 29 January, 1946, by leakage of oil from a tank trailer owned and operated by it, whereby it was permitted to run freely in the street or alley, to become ignited and thereby cause damage to the property of the plaintiff in that suit. *Page 145 
The plaintiff in this action notified the defendant of the institution of the action against it and called upon the defendant to defend the case in accordance with its contract. The defendant company declined to defend the action or to pay the expenses thereof, or any judgment recovered in the action, and disclaimed any liability thereupon. The plaintiff (defendant in that suit) defended the action, paid items of cost and attorney's fees, and the judgment which was obtained against it in said action, all in the amount of $722.10.
In the instant case defendant does not dispute the expenditures of plaintiff or the liability of the defendant therefor, provided the policy sued upon covers the identical tank trailer in question; but it denies such coverage. This is the only point in controversy.
A few days after the fire the owner of the tank trailer in question, described as a "1943 Butler tank trailer," procured from the local agent of the defendant a special endorsement, bearing the date of the original policy, in which the serial number of the particular trailer involved in the fire was definitely stated to be "43101630K," which was in fact the serial number of the trailer in question.
The contention of the defendant is that the defendant company had issued to the plaintiff a policy, under date of December 20, 1945, in which is described on the face of the policy a 1945 Federal tractor (not involved in the controversy) and a 1943 Butler tank trailer, and that there is no serial number listed on the policy with respect to this trailer; and further, that there is in evidence a policy of the Massachusetts Bonding 
Insurance Company, dated August 10, 1945, and expiring August 10, 1946 (now transferred to defendant), the insured being S.D. Gresham, Sr., and there is listed in the vehicles covered in this policy a 1944 Butler semi-trailer and tank, serial number 43101630K, being the same serial number as that upon the plaintiff's trailer involved in the fire. In addition to this there is listed the 1943 trailer which plaintiff contended had been wrecked and was a total loss at the time the policy sued upon was issued. In fact the 1943 trailer which had been wrecked never, indeed, belonged to the plaintiff but was operated by Gresham before plaintiff took over the business, and that the trailer involved in the fire was the only one owned by the plaintiff at the time defendant issued its policy thereupon.
This particular situation, necessarily somewhat confused in its statement, amounts to this: The plaintiff contended that the policy of insurance covered the 1943 Butler tank trailer which was then in use and not the one formerly operated by it, and which had become a total wreck at the time the policy was issued. The defendant makes these contentions. The first is that it was impossible to say from the contract which of these trucks had been insured and that the description in the original policy was insufficient to identify the trailer; and second, that the special *Page 146 
endorsement giving the serial number of the truck involved in the fire is of no effect as a contract of insurance, both because it was made after the liability had already matured, and was made without the knowledge of the company.
Upon the trial the plaintiff was permitted, over exception of the defendant, to introduce evidence as to the identity of the 1943 Butler tank trailer, consisting mainly of testimony that it was the only trailer of that description owned and operated by him at the time which might be made the subject of insurance at all.
Also, the plaintiff was permitted, over objection of the defendant, to introduce certain parts of the complaint to which the answers introduced were directed.
At the conclusion of the evidence the defendant demurred thereto and moved for judgment as of nonsuit, which was declined and defendant excepted.
Certain exceptions to the charge as given were also made, but it is not thought necessary to decision to treat them in detail.
The case was submitted to the jury and resulted in a verdict for the plaintiff. From the ensuing judgment the defendant appealed, assigning errors.
Careful examination of the objections to the admission of evidence and the charge to the jury does not, in the opinion of the Court, disclose reversible error. The controversy narrows to two points: The effect of the "special endorsement" on the original policy covering the "1943 Butler tank trailer" and giving the more particular description by serial number, made after the fire in which plaintiff's trailer was involved and upon which liability was predicated; and, supposing that endorsement to be ineffective, whether the description "1943 Butler tank trailer" in connection with the Reo trailer insured also by plaintiff, is a sufficient description.
As to the first question it seems clear that the special endorsement made after the liability on the policy, if any, had matured, or at least the negligence or accident upon which it was predicated had become a faitaccompli, can be no part of a contract of insurance, since such a contract is prospective in its nature, and, of course, is based upon actuarial experience; and, equally of course, our statute does not recognize any such departure from its standard form of policy. Considered as a stipulation affecting a past transaction, or a compromise of a disputed liability, or an admission, it not only lacks supporting circumstances which would qualify it in any of these respects, but we doubt whether the local agent *Page 147 
might have authority to bind the company in that way by such endorsement.
We need not decide this, however, since we are convinced that the description in the original policy is sufficient to identify the trailer which the defendant insured in the policy sued upon, and that evidence to explain the ambiguity pointed out by the defendant was properly admitted.Montgomery v. Ring, 186 N.C. 403, 119 S.E. 561; Porter v. ConstructionCo., 195 N.C. 328, 142 S.E. 27.
In the record we find
No error.