SHIRLEY R. MARTIN v. FRED D. MARTIN

No. 7526DC286

(Filed 2 July 1975)

**Divorce and Alimony § 16— alimony given in consent judgment — remarriage — termination of alimony**

Defendant's obligation under a consent judgment to pay plaintiff $100 per month for five years as alimony for the plaintiff ceased as a matter of law pursuant to G.S. 50-16.9(b) when the plaintiff remarried.

APPEAL by defendant from *Johnson, Judge.* Judgment entered 17 January 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 10 June 1975.

In 1968 plaintiff brought this action against her husband for alimony without divorce. A consent judgment was entered on 1 October 1969, providing that plaintiff would be entitled to custody of the minor children and that defendant would have

visitation privileges; that defendant would be required to pay plaintiff $100 per month as alimony for five years, and $100 per month for child support without any time limitation; that plaintiff was to convey to defendant all her interest in the family home; and that plaintiff would be entitled to all the furniture, appliances and other personal property in the family home and would have 30 days to remove this property from the premises.

Plaintiff remarried on 30 July 1971. On 19 September 1974 she moved to hold defendant in contempt, alleging that he was in arrears in his alimony payments in the amount of $3,850, having failed to make any payments since 24 August 1971. In his reply to plaintiff's motion, defendant alleged that plaintiff's remarriage had relieved him of any duty to make alimony payments.

On 17 January 1975 the District Court issued an order granting plaintiff's motion. The court found as a fact that defendant was in arrears in the amount of $3,850. It held that even though the $100 monthly payments were designated as alimony in the judgment of 1 October 1969, they were actually "in the nature of a property settlement" and that plaintiff's remarriage did not relieve defendant of the duty to make these payments. Defendant was held in contempt and sentenced to thirty days in jail, with the right to purge himself of contempt by making up the arrearage in full.

Defendant appealed.

*Scarborough, Haywood & Merryman by Charles B. Merryman, Jr. for plaintiff appellee.*

*Sigmon, Clark & Mackie by William R. Sigmon for defendant appellant.*

HEDRICK, Judge.

This appeal turns on the interpretation to be given the following provision of the consent judgment entered on 1 October 1969:

" . . . pay, or cause to be paid, into the Office of the Clerk of Superior Court for Mecklenburg County, North Carolina, the sum of One Hundred ($100.00) Dollars per month each and every month for a period of five (5) years. Said payments are to be made at the rate of Fifty ($50.00) Dol-

lars on the 1st and Fifty ($50.00) Dollars on the 15th day of each and. every month beginning on the 1st day of October, 1969, and a like and similar payment on the 1st and 15th day of each and every succeeding month for a period of five (5) years. It is understood and agreed by the parties hereto that said payments are to be made not later than the 1st and 15th day of each and every month. That the aforesaid payments are made for the use and benefit and as alimony for the plaintiff;"

Defendant contends the payments were "alimony" and that his obligation to make such payments ceased when plaintiff remarried on 30 July 1971 pursuant to G.S. 50-16.9(b), which provides:

"If a dependant spouse who is receiving alimony under a judgment or order of a court of this State shall remarry, said alimony shall terminate."

Plaintiff contends the trial court correctly interpreted the consent judgment when he concluded that the payments were not alimony but were "in the nature of a property settlement."

A consent judgment must be construed in the same manner as a contract to ascertain the intent of the parties. *Bland v. Bland,* 21 N.C. App. 192, 203 S.E. 2d 639 (1974). Where the language of a contract is plain and unambiguous, the construction of the agreement is a matter of law; and the court may not ignore or delete any of its provisions, nor insert words into it, but must construe the contract as written, in the light of the undisputed evidence as to the custom, usage, and meaning of its terms. 2 Strong, N. C. Index 2d, Contracts § 12 (1967). The language in the consent order with respect to the defendant's obligation to pay to the plaintiff $100.00 each month for five years is clear and unambiguous and leaves no room for construction. It is clear the parties intended and the court ordered the defendant to pay *alimony* to the plaintiff at the rate of $100.00 per month for five years. Even if the payments had not been denominated alimony, the circumstances surrounding the entry of the consent judgment and the motives which prompted each party to consent to it, as can be gleaned from the record before us, dictate a conclusion that the payments were intended to be alimony. *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71 (1967).

: Therefore, defendant's obligation · to make the payments ceased as a matter of law pursuant to G.S. 50-16.9 (b) when the plaintiff remarried; and the court erred in holding him in contempt for his failure to make the payments. The order appealed from is

Reversed.

Judges BRITT and MARTIN concur.