FRANCES M. ALLISON v. JOE LEE ALLISON

No. 8029DC460

(Filed 5 May 1981)

1. **Divorce and Alimony §§ 19.5, 20.2– consent order – whether payments are alimony or property settlement**

    In determining whether a provision in a consent judgment is for alimony alone and thus severable from the remaining provisions and terminable upon the wife's remarriage, or whether the provision for alimony and the provisions for division of property constitute reciprocal consideration so that they are not separable and may not be changed without the consent of both parties, a consent judgment must be construed in the same manner as a contract to ascertain the intent of the parties.

Allison v. Allison

2. **Divorce and Alimony §§ 16.10, 19.5– consent order – determination that required payments were part of property settlement – supporting evidence**

The evidence supported the trial court's determination that defendant's obligation under a consent judgment to pay plaintiff $17,640.00 in 126 monthly installments of $140.00 each did not constitute alimony but was a part of a property settlement pursuant to which plaintiff released rights in joint property of the parties as part of the consideration of the periodic payments and that the periodic payments thus did not terminate under G.S. 50-16.9(b) upon the remarriage of plaintiff, notwithstanding the consent order found that defendant abandoned plaintiff and ordered that the payments were to be made "as alimony," where (1) the order referred to the sum in question as "a gross settlement payment"; (2) the order found that the payment was to be "in lieu of all claims for alimony"; (3) the order found the payment to be fair and reasonable under the circumstances then existing between the parties "and contemplated in the future"; (4) the order contained no finding that the wife was a dependent spouse or that the husband was a supporting spouse; and (5) plaintiff testified that realty held jointly by the parties during their marriage (not including improvements thereon) originated entirely with her mother, the parties agreed that defendant would receive 20 acres of the realty free of indebtedness and that plaintiff would receive the remaining 60 acres which contained the homeplace constructed by the parties, and the tract received by plaintiff was subject to an indebtedness of approximately $40,000.00 which plaintiff was to pay.

APPEAL by defendant from *Guice, Judge.* Order entered 1 February 1980 in District Court, McDOWELL County. Heard in the Court of Appeals 6 November 1980.

Plaintiff moved that defendant be adjudged in contempt for failure to comply with the provision of a 28 October 1976 consent order requiring that he pay plaintiff $17,640.00 in 126 monthly installments of $140.00 each. The order recited that

[d]efendant has agreed to pay, and plaintiff has agreed to accept, in lieu of all claims ... for alimony, and all other matters arising out of the marriage ..., the sum of $17,640.00 in monthly installments ..., which ... the court finds to be fair and reasonable under the circumstances now existing between the parties and contemplated in the future.

It ordered:

1. That the execution of cross deeds by the parties, contemporaneously with the entry of this order, constitutes the final settlement of all matters and things in controversy between the parties.

2. That defendant shall pay to the plaintiff as alimony a gross settlement payment of $17,640.00, which sum shall be paid by defendant to plaintiff in 126 monthly installments of $140.00 each, the first such monthly installment to be due and payable on the 1st day of November, 1976, with subsequent installments to be due and payable on the 1st day of each succeeding month until all 126 installments have been paid.

3. Defendant shall pay all mortgage installments due prior to November 1, 1976 .... Plaintiff shall be responsible for all installments due ... on and after November 1, 1976.

Plaintiff remarried in April 1979. Defendant made all payments due under the order through April 1979, but made no payments thereafter. Defendant moved that plaintiff's motion that he be adjudged in contempt be dismissed "for the reason that Plaintiff's right to alimony had terminated on her remarriage by the provisions of G.S. [50-16.9(b)]." The motion was denied.

The trial court concluded:

1. That said Consent Order dated October 28, 1976, contemplated a complete financial and property settlement between the Plaintiff and the Defendant in lieu of all claims by the Plaintiff against the Defendant for alimony, and all other matters arising out of the marriage between said parties and was not an Order or Judgment for the payment of alimony alone.

2. That said Order is still valid and subsisting and there remains unpaid thereon a balance of Thirteen Thousand Four Hundred Forty Dollars ($13,440.00) ....

It ordered:

1. That the Plaintiff's Motion that the Defendant be adjudged in contempt of this Court for his willful failure to comply with the terms and provisions of said Consent Order dated October 28, 1976, is denied.

2. That said Consent Order dated October 28, 1976, continues to be a valid and enforceable Order in favor of the Plaintiff for the balance due thereunder in the amount of

Thirteen Thousand Four Hundred and Forty Dollars ($13,440.00).

From this order, defendant appeals.

*Dameron and Burgin, by E.P. Dameron, for plaintiff-appellee.*

*Carnes and Little, P.A., by Everette C. Carnes, for defendant-appellant.*

WHICHARD, Judge.

Defendant contends the court erred in ordering that the consent order continues to be valid and enforceable in favor of plaintiff with a balance due of $13,440.00, because the court thereby determined questions not presented by plaintiff's motion. The court's findings of fact, however, indicate that defendant contended at the hearing that he was relieved, under G.S. 50-16.9(b), from making the payments by virtue of plaintiff's remarriage. By so contending, defendant himself raised the issue of the continuing validity and enforceability of the order. "[I]t is well settled that where the facts ... do not entitle the party to the only relief prayed but do give him a right to other relief, he may recover the judgment to which he is entitled." *Bruton v. Bland*, 260 N.C. 429, 430, 132 S.E. 2d 910, 911 (1963). Further, "G.S. 1A-1, Rule 54(c) contemplates judgments granting the relief to which the party in whose favor they are rendered is entitled without regard to whether such relief has been demanded in that party's pleadings." *Nugent v. Beckham*, 37 N.C. App. 557, 561, 246 S.E. 2d 541, 545 (1978). We thus find no impropriety in the trial court's grant of the declaratory relief in question, if the facts entitle plaintiff to such relief.

Defendant further contends, however, that plaintiff was not entitled to such relief in that the payments ordered were alimony and thus terminated upon remarriage of the wife. Plaintiff responds that the order was not merely to pay alimony but was rather an aspect of a property settlement in which the plaintiff released rights in joint property of the spouses as part of the consideration for the periodic payments.

If the payments were alimony, defendant clearly was relieved of the obligation to make payments which accrued subsequent to plaintiff's remarriage. "If a dependent spouse who is

receiving alimony under a judgment or order of a court of this State shall remarry, said alimony shall terminate." G.S. 50-16.9(b). Defendant was not thus relieved, however, if the payments ordered were part of a property settlement pursuant to which plaintiff released rights in the joint property of the spouses as part of the consideration for the periodic payments. As stated in 2 Lee, North Carolina Family Law § 154 at 259 (1980):

> Where a valid property settlement has been entered into by the parties and it is shown that such was intended as a release of all claims against each other, including the wife's claim for alimony or support, the courts generally hold that such is final and will not be disturbed because of the remarriage of the wife.

This principle is also set forth in 24 Am. Jur. 2d, Divorce and Separation § 912 at 1037-1038 (1966), as follows:

> If the contract is a property settlement it may well be that the periodic payments are a consideration for the wife's release of her rights in the joint property of the spouses or of her equities or legal rights in the husband's property, in place of or in addition to a provision for her support, in which event it is natural to assume that the wife's remarriage was not intended to have any effect upon the husband's liability. It is accordingly held that in the absence of an expressed intention to the contrary a husband's obligation to pay money to his wife, where it is an integral part of a property settlement, survives her remarriage, and that a contract for the payment of a lump sum in lieu of dower or property rights survives the wife's remarriage, even though the lump sum is payable in installments.

[1] In determining whether a provision in a consent judgment is for alimony alone and thus severable from the remaining provisions and terminable upon the wife's remarriage, or whether the provision for alimony and the provisions for division of property constitute reciprocal consideration, so that "they are not separable and may not be changed without the consent of both parties," *Bunn v. Bunn*, 262 N.C. 67, 70, 136 S.E. 2d 240, 243 (1964), "[a] consent judgment must be construed in the same manner as a contract to ascertain the intent of the

parties." *Martin v. Martin,* 26 N.C. App. 506, 508, 216 S.E. 2d 456, 457 (1975). Our Supreme Court has stated in *White v. White,* 296 N.C. 661, 667-668, 252 S.E. 2d 698, 702 (1979):

> The answer depends on the construction of the consent judgment as a contract between the parties. "The heart of a contract is the intention of the parties. The intention of the parties must be determined from the language of the contract, the purposes of the contract, the subject matter and the situation of the parties at the time the contract is executed." (Citation omitted.)

If the consent judgment "is clear and unambiguous and leaves no room for construction," its construction is a matter of law and must be "as written, in the light of the undisputed evidence as to the custom, usage, and meaning of its terms." *Martin,* 26 N.C. App. at 508, 216 S.E. 2d at 458. Where ambiguities appear, however, the intentions of the parties must be determined from evidence of the facts and circumstances surrounding entry of the consent judgment, just as the intentions of the parties to an ambiguous written contract must be determined from the surrounding circumstances. *White,* 296 N.C. at 667-668, 252 S.E. 2d at 702.

Defendant contends the result here should be governed by this court's decision in *Martin,* 26 N.C. App. 506, 216 S.E. 2d 456. We disagree. The court in *Martin* found the language in the consent judgment there to be "clear and unambiguous and [to leave] no room for construction." *Martin,* 26 N.C. App. at 508, 216 S.E. 2d at 458. The language in the consent order here is by no means clear and unambiguous. On the contrary, the order is a model of confusion rather than clarity. It contains contradictory provisions concerning the payments at issue in that it first states that they are *"in lieu of* all claims by plaintiff . . . for alimony" and then orders that the payments are to be made *"as alimony."* Further, the same provision which orders the payments made "as alimony" also refers to them as "a gross settlement payment."

> [W]here [an] entire contract is in writing and the intention of the parties is to be gathered from it, the effect of the instrument is a question of law, but if the terms of the agreement are equivocal or susceptible of explanation by extrinsic evidence the [trier of fact] may determine the

meaning of the language employed.

*Porter v. Construction Co.*, 195 N.C. 328, 330, 142 S.E. 27, 29 (1928). In contempt proceedings "[t]he judge is the trier of fact at the show cause hearing." G.S. 5A-23(d) (Supp. 1979). The trial court thus had to consider the order, together with the evidence of surrounding circumstances, to determine the intentions of the parties. The court's findings of fact are conclusive if supported by any competent evidence; and conclusions supported by such findings will be affirmed, even though there is evidence which might sustain facts to the contrary. *Fast v. Gulley*, 271 N.C. 208, 155 S.E. 2d 507 (1967); *Church v. Church*, 27 N.C. App. 127, 218 S.E. 2d 223 *cert. denied* 288 N.C. 730, 220 S.E. 2d 350 (1975). We thus review the record here to determine whether "[t]he facts in this mixed question of law and fact are supported by the evidence" and whether "[t]he findings support the conclusion of law." *Highway Comm. v. Rankin*, 2 N.C. App. 452, 455, 163 S.E. 2d 302, 304 (1968).

[2] The court stated its interpretation of the consent order in its first conclusion of law, as follows:

> 1. That said Consent Order ... contemplated a complete financial and property settlement between the Plaintiff and the Defendant in lieu of all claims by the Plaintiff against the Defendant for alimony, and all other matters arising out of the marriage between said parties and was not an Order or Judgment for the payment of alimony alone.

The following provisions and evidence support the court's interpretation:

First, the order refers to the sum in question as "a gross settlement payment." This language is subject to the interpretation that the payments were intended to represent something other than alimony.

Second, the order found as a fact that the payment was to be *"in lieu of* all claims for alimony, and all other matters arising out of the marriage." (Emphasis supplied.) The phrase "in lieu of" means "[i]nstead of; in place of; in substitution of." Black's Law Dictionary (5th ed. 1979). The use of this phrase also renders the order subject to the interpretation that the payment was not to be alimony, but something substituted in

its place. Further, the use of the phrase "and all other matters arising out of the marriage" provides additional support for an interpretation that the intent was that the payment represent something other than alimony.

Third, the order found the payment "to be fair and reasonable under the circumstances now existing between the parties *and contemplated in the future.*" (Emphasis supplied.) The use of the phrase "and contemplated in the future" provides still further basis for an interpretation that the intent was that the payment represent something other than alimony. If the payment was alimony, the sum would be modifiable in the future upon a showing of changed circumstances. G.S. 50-16.9. This would obviate the necessity of contemplating future circumstances at the time the consent order was entered. This language, too, is thus subject to an interpretation that the intent was to resolve all matters between the parties on a permanent basis rather than merely to provide for payment of alimony.

Fourth, the absence of certain language likewise subjects the order to an interpretation that the sum in question was something other than alimony. There was no finding that the wife was a "dependent spouse" or that the husband was a "supporting spouse." A spouse must be "dependent" to be entitled to receive alimony and must be "supporting" to be required to pay it. G.S. 50-16.2; *see also* G.S. 50-16.1. "The terms 'dependent spouse' and 'supporting spouse' are used throughout the [alimony] statute." 2 Lee, North Carolina Family Law, § 135, at 140 (1980). While a finding of dependency is not required where judgments ordering payment of alimony are entered by consent, *Cox v. Cox*, 36 N.C. App. 573, 245 S.E. 2d 94 (1978), the absence of such a finding was nevertheless a factor which the court could have considered in interpreting the inherently ambiguous consent order.

Fifth, the plaintiff's testimony at the hearing regarding the situation of the parties at the time the court entered the consent order provides further support for the interpretation that the parties intended a property settlement. The plaintiff testified that the real properties held jointly by the parties during their marriage (not including improvements thereon) originated entirely with her mother. The parties nevertheless agreed that defendant would receive 20 acres of the real property, free

of indebtedness. They agreed that plaintiff would receive the remaining 60 acres which contained the homeplace constructed by the parties. This tract was subject to indebtedness of approximately $40,000.00, which plaintiff was to pay. When considered together with the provisions of the consent order discussed above, plaintiff's evidence is subject to the interpretation that the payment in question was intended not as alimony, but as an equalizer in the settlement of the property interests of the parties.

Defendant contends the court's finding that defendant left the family home "under circumstances which constituted an abandonment of plaintiff by the defendant, for the purposes of supporting this order only," and its order that defendant pay the sum in question "as alimony," dictate the conclusion that the sum was indeed alimony. While these factors might have so convinced the court, we find ample support, both in the order and in the surrounding circumstances, for the interpretation that the payments were part of a complete property settlement rather than alimony. It follows that defendant's obligation did not terminate upon plaintiff's remarriage, and that his motion to dismiss at the close of plaintiff's evidence was properly denied.

The order appealed from is

Affirmed.

Judges HEDRICK and CLARK concur.