RUDISILL v. RUDISILL

[102 N.C. App. 280 (1991)]

———————

ELIZABETH J. RUDISILL, PLAINTIFF v. JIMMY O. RUDISILL, DEFENDANT

No. 9026DC414

(Filed 19 March 1991)

1. **Divorce and Separation § 290 (NCI4th)— alimony—modification of 1975 consent judgment**

The trial court did not err by increasing the amount of spousal support defendant must pay to plaintiff where defendant concedes that a 1975 consent judgment had become an order of the court and was modifiable; the consent judgment does not set forth specifically and clearly whether the parties intended that the support and property provisions be separable; and the language of the contract, its purpose and the respective circumstances of the parties evidence an intent on the part of the parties to separate the support and property provisions.

**Am Jur 2d, Divorce and Separation § 699.**

2. **Divorce and Alimony § 134 (NCI4th)— modification of 1975 consent judgment—funds for repair of house**

The trial court erred by ordering defendant to pay plaintiff for repairs on the marital home where the home had been awarded to plaintiff by a 1975 consent judgment. Once the property passed to plaintiff, the trial judge had no authority to order defendant to pay plaintiff for repairs on the home.

**Am Jur 2d, Divorce and Separation § 958.**

APPEAL by defendant from order entered 14 December 1989 in MECKLENBURG County District Court by *Judge Daphne L. Cantrell.* Heard in the Court of Appeals 3 December 1990.

*Knox, Knox & Freeman, by H. Edward Knox and Bobby L. Bollinger, Jr., for plaintiff-appellee.*

*Bailey, Patterson, Caddell & Bailey, P.A., by G. Russell Kornegay, III, and T. Scott White, for defendant-appellant.*

WYNN, Judge.

In this appeal, defendant, Jimmy O. Rudisill ("Mr. Rudisill"), seeks to overturn an order modifying a consent agreement made with his former spouse, Elizabeth J. Rudisill ("Mrs. Rudisill"). For the reasons which follow, we affirm that part of the decision of the trial judge modifying the award of alimony and reverse that part of the decision awarding additional funds to repair the residence of the plaintiff.

I

In July 1975, Mr. and Mrs. Rudisill entered into a consent agreement settling "all matters and things in controversy," particularly spousal support, child support and division of the marital property. Based upon the consent agreement, the trial court entered a consent order setting forth, *inter alia*, that Mr. Rudisill would pay spousal support in the amount of $300.00 per month and transfer his interest in the marital home to Mrs. Rudisill. At the time the consent order was entered, Mrs. Rudisill was not employed and suffered from a significant diabetic condition.

Between 1975 and 1984, the record indicates that Mrs. Rudisill remained unemployed with the exception of sporadic babysitting. In 1984, she worked for a child care center, but the evidence suggests that she only remained there for five months. Beginning in 1984, her diabetes worsened such that she required medical treatment for her eyes and feet and she suffered from respiratory ailments. She incurred substantial medical and pharmaceutical expenses. Moreover, Mrs. Rudisill was unable to pay for the upkeep of the former marital home and it fell into disrepair.

In February 1989, Mrs. Rudisill filed a motion in the cause for modification of alimony seeking an increase in spousal support. Mr. Rudisill countered by filing a motion to decrease the alimony. After hearing evidence in support of both motions, the trial court ordered Mr. Rudisill to pay an increase of $200.00 in monthly alimony, a lump sum payment of $3,000.00 for the repair of the house and

$1,250.00 for plaintiff's attorney's fees. From that order, defendant appeals.

## II

[1] Mr. Rudisill first assigns error to the trial court's decision to increase the amount of spousal support that he must pay to Mrs. Rudisill. He contends that the consent order of 14 July 1975 was a full and final settlement of the issues and that under the law as it existed at the time of this agreement, the terms of this consent order are not modifiable. We disagree.

We note first that the rule of *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983), in which our Supreme Court held that consent agreements approved by the court will be treated as court ordered judgments and are therefore modifiable does not apply to this case. The rule of that case was expressly limited to that case and to consent judgments entered after the date of that opinion. Since the consent order in this case was entered in 1975, it is governed by the law as it existed before the *Walters* decision.

Prior to *Walters*, the Supreme Court differentiated two types of consent judgments: (1) Consent judgments modifiable only under contract law — where the court merely approved or sanctioned the contract between the parties, and as such, the parties were required to seek enforcement and modification under contract law and (2) Consent judgments modifiable by the court — where the court fully adopted the agreement between the parties as its own determination, and as such, this type of consent judgment was treated as a court order and was enforceable through the court's contempt powers or modifiable by the court within certain limitations. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E.2d 240 (1964). In the latter type of consent judgment, the support provisions of an agreement were not modifiable if they were reciprocal and inseparable from provisions for settling property matters. *White v. White*, 296 N.C. 661, 252 S.E.2d 698 (1979). However, there was a presumption that spousal support provisions constituted alimony and the burden was upon the party opposing modification to show that the support provisions were reciprocal and inseparable. *Id.; Cecil v. Cecil*, 74 N.C. App. 455, 457, 328 S.E.2d 899, 900 (1985).

In his brief on appeal, the defendant states that "[w]here, as in the case *sub judice*, a consent judgment becomes an order of the court, then the court has the power to modify any alimony

provisions contained therein." The defendant thereby concedes that the consent judgment in this case is of the second type but he contends that it is not subject to modification in this case because the spousal support ordered is reciprocal and inseparable from the provisions in the agreement dividing the property.

Thus, the issue in this case is whether the support and property provisions in the consent judgment are reciprocal and inseparable. The determination of this issue depends upon the construction of the consent judgment as a contract between the parties. *White* at 667, 252 S.E.2d at 702. "If the consent judgment is clear and unambiguous and leaves no room for construction, its construction is a matter of law . . . ." *Allison v. Allison*, 51 N.C. App. 622, 627, 277 S.E.2d 551, 554 (1981) (citations omitted), *disc. review denied*, 303 N.C. 543, 281 S.E.2d 660. However, where the consent judgment is ambiguous, the court must determine the construction of the consent judgment by ascertaining the intent of the parties at the time the agreement was entered. *White* at 667-68, 252 S.E.2d at 702. The intent of the parties is determined from the language of the contract, its subject matter and purpose, and the parties' situation at the time of its execution. *Id.*

In the case at bar, the consent judgment does not set forth specifically and clearly whether the parties intended that support and property provisions be separable. As such, this is not a consent judgment which is so clear and unambiguous that the construction of it is a matter of law. *See, e.g., Britt v. Britt*, 36 N.C. App. 705, 245 S.E.2d 381 (1978).

Instead, we must examine the construction of the contract by determining the intention of the parties. First, we examine the pertinent language of the contract. The consent judgment here provides in pertinent part:

2. The defendant vacated the premises on or about January 19, 1975, without provocation on the part of the plaintiff and that such vacation of the premises was without provocation on the part of the plaintiff and that such vacation of the premises was within the contemplation of N.C.G.S. 50-16.1(3) and subsections thereof and grounds upon which the Court could grant relief for a permanent award of support and maintenance by the defendant to the plaintiff and upon the further grounds that the plaintiff is unemployed and is a dependent spouse within the meaning of the terms of N.C.G.S. 50-16.1(3) and

the defendant is a supporting spouse within the meaning of the terms of N.C.G.S. 50-16.1(4). . . .

. . . .

4. That a reasonable amount of support and alimony to be paid by defendant to plaintiff is the sum of $300.00 per month . . . due on the first day of each month thereafter until the plaintiff remarries, expires or defendant is no longer obligated to provide for her maintenance and support . . . and the parties have agreed that this is a reasonable amount of subsistence taking into consideration the plaintiff's needs and the defendant's capacity to pay.

5. That the parties are the joint owners of a residence . . . and as a further consideration the defendant does hereby transfer by deed all of his right, title and interest to the plaintiff . . . .

It is clear from the language of this consent order that the payment of alimony to the plaintiff was based upon abandonment by the defendant. Although the court did not expressly conclude that the defendant abandoned the plaintiff, the consent judgment is couched in terms which reflect abandonment. Further, the court expressly found that the defendant was a supporting spouse and that the plaintiff was a dependent spouse under N.C.G.S. 50-16.1(3). Significantly, the court made independent findings as to the defendant's ability to pay alimony and upon this finding the court made a determination that the defendant was able to pay $300.00 per month. While the property provision notes that it is as a "further consideration," the language indicates that the property provision was additional consideration and not inseparable consideration. The language of the consent judgment supports the conclusion that the support and property provisions were separate considerations.

Second, the purpose of the consent judgment was to settle "all matters and things in controversy" between the parties. This provision evidences the intent of the parties to incorporate in the agreement the terms by which they intended to live. But while the defendant urges this court to find that the inclusion of this language prohibits future modification of spousal support payments, we are disinclined to do so. As stated in *White*, language of this type does not show an intent "to foreclose any future modification of support payments." Likewise, the designation of the support

payments as alimony mitigates against such an intent, but it is not conclusive. *White* at 668, 252 S.E.2d at 702.

Third, the circumstances of the parties at the time the agreement was entered indicates that defendant had apparently abandoned the plaintiff who was a dependent spouse. The defendant was an able-bodied man who earned income sufficient to support the plaintiff, that income being $934.00 per month. Also, the plaintiff was unemployed and not able to provide for herself. These circumstances of the parties indicate that the intention of the parties was to make an independent determination of the spousal support provision without dependence on the property provision.

From the foregoing analysis, we conclude that the language of the contract, its purpose and the respective circumstances of the parties evidence an intent on the part of the parties to separate the support and property provisions. Accordingly, the trial court properly modified the support provision of the agreement.

### III

[2] Finally, we note that in the order modifying the alimony, the trial judge found that the house which had been awarded to the plaintiff by the consent judgment was in need of repair due to plaintiff's lack of funds to make timely repairs. We note that not even under pre-*Walters* cases was a party allowed to seek a modification of a property division which had been sanctioned by the court. Once the property passed to plaintiff, the trial judge had no authority to order defendant to pay plaintiff for repairs on the home. As such, the part of the judgment awarding the plaintiff $3,000.00 to repair her residence must be reversed.

### IV

Based upon the foregoing discussion, the decision of the trial judge is

Affirmed as to the modification of the spousal support, and reversed on the additional award for repair of the plaintiff's residence.

Chief Judge HEDRICK and Judge LEWIS concur.