DWAYNE LEE MORRISON v. CAROLE DILLARD MORRISON

No. 9023DC1051

(Filed 16 April 1991)

**1. Divorce and Separation § 35 (NCI4th)— resumption of marital relations after separation agreement—when executory provisions are terminated**

The resumption of marital relations after the execution of a marital agreement terminates the executory provisions of a separation agreement; however, the resumption of marital

MORRISON v. MORRISON

[102 N.C. App. 514 (1991)]

relations after the execution of a marital agreement does not necessarily, though it·may, rescind the executory provisions of a property settlement agreement, depending upon whether the property settlement is negotiated in "reciprocal considera-tion" for the separation agreement, and this is true whether the property settlement and the separation agreement are contained in a single document or separate documents.

**Am Jur 2d, Divorce and Separation §§ 852-855.**

**2. Divorce and Separation § 35 (NCI4th)— separation agree-ment—property settlement and agreement to live separate and apart integrated—resumption of marital relationship—subsequent separation—wife entitled to equitable distribution**

Defendant wife met her burden of showing that provisions in the parties' separation agreement relating to property set-tlement and to the parties' agreement to live separate and apart were integrated so that, when the parties resumed the marital relationship, the spousal property rights provision was rescinded to the extent that it remained executory; therefore, defendant wife was entitled to equitable distribution of any marital property acquired subsequent to the resumption of the marital relationship, any property owned by the parties at the time of their separation agreement and not distributed by the agreement, and any active increases in the value of the parties' separate property, which included any executed transfers made pursuant to the separation agreement.

**Am Jur 2d, Divorce and Separation §§ 852-855.**

APPEAL by plaintiff from judgment entered 28 August 1990 in WILKES County District Court by *Judge Samuel L. Osborne.* Heard in the Court of Appeals 9 April 1991.

*Ferree, Cunningham & Gray, P.A., by George G. Cunningham, for plaintiff-appellant.*

*Hall and Brooks, by John E. Hall, for defendant-appellee.*

GREENE, Judge.

The plaintiff (Husband) appeals from the entry of summary judgment for the defendant (Wife).

On 27 June 1988, the Husband filed an action for absolute divorce. On 26 August 1988, the Wife filed a counterclaim requesting equitable distribution. On 7 September 1988, the Husband filed a reply and alleged that the parties had on 16 September 1976 entered into a Deed of Separation (Agreement) and that such Agreement was a bar to the Wife's equitable distribution claim. The Husband then requested that the Wife's counterclaim be dismissed.

On 14 March 1989, the trial court entered a divorce judgment and further ordered:

> 2. That the matters involving the claim for equitable distribution . . . will be heard at a later time and this divorce judgment does not prejudice the rights of either party in regard to equitable distribution.

On 28 March 1990, the Husband moved for summary judgment requesting the court to dismiss the Wife's counterclaim for equitable distribution. On 28 August 1990, the trial court entered the following order:

> 1. That summary judgment is granted in favor of the . . . [Husband] against the . . . [Wife] as to any property that was allocated to either party in the . . . [Agreement] itself and which property was vested at the time of the execution of said . . . [Agreement]. Any increase in value of the property specifically mentioned in the . . . [Agreement] after the parties resumed their marriage would be subject to equitable distribution.
>
> 2. That summary judgment is granted in favor of the . . . [Wife] as to her claim for equitable distribution regarding any property acquired subsequent to the execution of the parties' . . . [Agreement] . . . and in addition thereto any increases in the value of the parties' other property prior to the execution of said agreement; equitable distribution of this property is appropriate.
>
>           . . . .

The evidence before the trial court at the summary judgment hearing consisted of the Agreement dated 16 September 1976 and affidavits of the Husband, the Wife, an accountant, and an attorney. The Agreement provided for the division of certain real and per-

sonal properties and required the Husband pay to the Wife the sum of $18,100. The Agreement further provided:

I

IT SHALL BE LAWFUL FOR and it is the understanding, agreement, and covenant on the part of each of the parties hereto, at all times hereafter to live separate and apart, free from all marital control and authority of each other as if he and she were sole and unmarried, each from the other as fully and completely and in the same manner and to the same extent as though they had never been married.

. . . .

IX

AND FOR THE CONSIDERATION AFORESAID, the . . . [Husband] conveys, relinquishes, and quitclaims unto the . . . [Wife] all his rights, interest, and control in and over the person and property of his said wife, and all and every right and claim of whatever kind and nature that he may have acquired by reason of the said marriage in any property that the . . . [wife] now has or may hereafter acquire. . . .

X

AND FOR THE CONSIDERATION AFORESAID, the . . . [Wife] hereby relinquishes, conveys, and quitclaims unto the . . . [Husband] all her rights, title and interest in and to the property of the . . . [Husband], and all and every right to support and maintenance, and all other personal or property rights of whatever kind and nature which she acquired by reason of the said marriage in any property that the . . . [Husband] may now own or may hereafter acquire . . . .

The evidence in the affidavits reveal: That at the time of the Agreement, the parties executed the documents necessary to effectuate the transfer of the real and personal properties; that the Husband paid the $18,100 to the Wife; that the parties "resumed their marriage within less than a year from the date of the separation and lived together for approximately nine or ten years thereafter before separating the second time and a divorce decree being finally entered."

MORRISON v. MORRISON

[102 N.C. App. 514 (1991)]

The issue is whether the settlement of spousal property rights in the 16 September 1976 Agreement was nullified when the parties resumed marital relations.

The Wife first argues that since the Agreement was executed on 16 September 1976, prior to the enactment of the equitable distribution statute, the Agreement is ineffective to bar her claim for equitable distribution. We disagree. Valid "marital agreements releasing all spousal property rights will bar claims for equitable distribution — even if those settlements were executed prior to the adoption of equitable distribution under" N.C.G.S. § 50-20 (1987). *Small v. Small*, 93 N.C. App. 614, 623, 379 S.E.2d 273, 278, *disc. rev. denied*, 325 N.C. 273, 384 S.E.2d 519 (1989).

The Husband argues, citing *Small* and *In re Tucci*, 94 N.C. App. 428, 437, 380 S.E.2d 782, 787 (1989), *aff'd per curiam*, 326 N.C. 359, 388 S.E.2d 768 (1990), that property settlement provisions of a marital agreement are not affected by the reconciliation of the parties and therefore the Wife's waiver of her spousal property rights bars her claim for equitable distribution. The Wife argues, citing *Stegall v. Stegall*, 100 N.C. App. 398, 406, 397 S.E.2d 306, 310 (1990), *disc. rev. denied*, 328 N.C. 274, 400 S.E.2d 461 (1991), that property settlement provisions of a marital agreement are always, except to the extent they are executed, rescinded upon reconciliation of the parties and therefore when the parties reconciled, the spousal property right agreement was nullified. Both parties misread *Small, Tucci,* and *Stegall.*

[1] The resumption of marital relations after the execution of a marital agreement terminates the executory provisions of a separation agreement. *In re Adamee*, 291 N.C. 386, 391, 230 S.E.2d 541, 545 (1976). However, the resumption of marital relations after the execution of a marital agreement does not necessarily, though it may, rescind the executory provisions of a property settlement agreement. A separation agreement is defined as " 'a contract between spouses providing for marital support rights and is executed while the parties are separated or are planning to separate immediately.' " *Small*, 93 N.C. App. at 620, 379 S.E.2d at 277 (citation omitted). "[T]he heart of a separation agreement is the parties' intention and agreement to live separate and apart forever . . . ." *Adamee*, 291 N.C. at 391, 230 S.E.2d at 545. A property settlement agreement " 'provides for a division of real and personal property held by the spouses. The parties may enter a property

MORRISON v. MORRISON

[102 N.C. App. 514 (1991)]

settlement at any time, regardless of whether they contemplate separation or divorce . . . .' " *Small*, 93 N.C. App. at 620, 379 S.E.2d at 277 (citation omitted). A property settlement " 'contains provisions . . . which might with equal propriety have been made had no separation been contemplated . . . .' " *Jones v. Lewis*, 243 N.C. 259, 261, 90 S.E.2d 547, 549 (1955) (citation omitted); *see* 1 Family Law and Practice § 9.12[2], at 9-51 (A. Rutkin rel. 1987) (reconciliation does not affect terms of pure property settlement). "It is true that contract provisions covering both support duties and property rights are usually included in a single document which the parties [often] refer to as a 'separation agreement.' . . . However, noting the label attached to a provision of a marital agreement is no substitute for analyzing the provision's intended effect in light of the agreement's express language and purposes." *Small*, 93 N.C. App. at 621, 379 S.E.2d at 277 (citation omitted).

Whether the executory provisions of a property settlement agreement are rescinded upon resumption of marital relations depends on whether the property settlement is negotiated in "reciprocal consideration" for the separation agreement. This is so whether the property settlement and the separation agreement are contained in a single document or separate documents. If the property settlement is negotiated as "reciprocal consideration" for the separation agreement, the agreements are deemed integrated and the resumption of marital relations will terminate the executory provisions of the property settlement agreement. If not in reciprocal consideration, the provisions of the property settlement are deemed separate and the resumption of marital relations will not affect either the executed or executory provisions of the property settlement agreement. *Stegall*, 100 N.C. App. at 406, 397 S.E.2d at 310 ("provisions of a separation agreement labeled support *may* . . . constitute reciprocal consideration for property provisions in the same agreement") (emphasis added); *Tucci*, 94 N.C. App. at 437, 380 S.E.2d at 787 (discussing *Small*); *Small*, 93 N.C. App. at 626, 379 S.E.2d at 280 ("where a provision of a marital contract *is* necessarily founded on the parties' agreement to live separate and apart, the parties' resumption of the marital relationship does rescind the provision insofar as the provision is executory . . .").

We therefore reject the suggestion that all agreements, whether in one document or two, relating to support and property rights are reciprocal as a matter of law. *White v. Bowers*, 101 N.C. App.

646, 651-52, 400 S.E.2d 760, 763 (1991) (rejecting "any argument that the terms of a separation agreement and/or property settlement agreement in the absence of clear language in the agreement(s) are as a matter of law either independent or interdependent"). To so hold would prohibit the parties from entering into contracts which do not violate law or public policy. *Fulcher v. Nelson*, 273 N.C. 221, 223, 159 S.E.2d 519, 521 (1968); *see also* 1 A. Lindey & L. Parley, Lindey on Separation Agreements and Antenuptial Contracts Form 9.03, at 9-2 (rel. 1990) (suggesting language that could be placed in contract to the effect that reconciliation would not affect terms of property settlement agreement); J. Oldham, Divorce, Separation and the Distribution of Property § 4.06, at 4-33 (1990) (reconciliation contracts have been accepted). Because contracts providing that a reconciliation will not affect the terms of a property settlement are not contrary to law or public policy, adopting the rule that all agreements relating to support and property rights are reciprocal as a matter of law would impermissibly interfere with the parties' freedom of contract rights. *Fulcher*, 273 N.C. at 223, 159 S.E.2d at 521. On the other hand, contracts which provide that reconciliation will not affect the terms of a separation agreement violate the policy behind separation agreements and are therefore void. *See Adamee*, 291 N.C. at 391, 230 S.E.2d at 545.

Whether the property settlement agreement was negotiated as reciprocal consideration for the separation agreement "requires a determination of the intent of the parties regarding integration or non-integration of" its provisions. *Hayes v. Hayes*, 100 N.C. App. 138, 147, 394 S.E.2d 675, 680 (1990). There exists a presumption that the provisions of a marital agreement are separable and the burden of proof is on the party claiming that the agreement is integrated. *Id.* "This presumption of separability prevails unless the party with the burden to rebut the presumption proves by a preponderance of the evidence that an integrated agreement was in fact intended by the parties." *Id.* "However, where the parties include unequivocal integration or non-integration clauses in the agreement, this language governs." *Id.; see Tucci*, 94 N.C. App. at 437, 380 S.E.2d at 787 (agreement clearly stated that "the parties' continued separation was *not* a condition to the property settlement provisions of the Agreement," and therefore the resumption of the parties' marital relationship did not rescind the release of a party's right to dissent); *Small*, 93 N.C. App. at 626-27, 379

S.E.2d at 280-81 (where defendant offered no proof that the parties' continued separation was consideration for the settlement of all property rights, the resumption of the parties' marital relationship did not rescind the release of the right to equitable distribution); *see also Stegall*, 100 N.C. App. at 411, 397 S.E.2d at 313 (property settlement provisions given in consideration for an agreement that the parties continue to live separate and apart required termination of executory provisions of property settlement agreement upon resumption of marital relationship).

[2] Here, the Wife has met her burden of showing that the provision relating to property settlement and the agreement to remain separate and apart were integrated. While the Agreement did not contain any specific unequivocal integration or non-integration clause, the Agreement does contain unequivocal integration *language*. The provision in the Agreement relating to the release of spousal property rights includes specific language: AND FOR THE CONSIDERATION AFORESAID. Because the provision in the Agreement that the parties live separate and apart preceded the provisions in the Agreement relating to spousal property rights, the waiver of the parties' spousal property rights was necessarily given in consideration of the parties living separate and apart. *Cf. Rudisill v. Rudisill*, 102 N.C. App. 280, 284, 401 S.E.2d 818, 821-22 (1991) (property settlement given "as a further consideration" for settlement agreement was not "inseparable consideration"). Accordingly, when the parties resumed marital relationships, the spousal property rights provision was rescinded to the extent it remained executory. Therefore, the Wife is entitled to equitable distribution of any marital property acquired subsequent to the resumption of the marital relationship and of any property owned by the parties at the time of the Agreement and not distributed by the Agreement. The Wife is also entitled to equitable distribution of any active increases in the value of the parties' separate property, which separate property includes any executed transfers made pursuant to the Agreement. *Lawing v. Lawing*, 81 N.C. App. 159, 174, 344 S.E.2d 100, 111 (1986). To the extent that the trial court's order of summary judgment for the Wife on her claim for equitable distribution conflicts with this opinion, it is vacated and remanded.

Affirmed in part, vacated in part, and remanded.

Judges PARKER and COZORT concur.