SHEILA E. NEWLAND, Plaintiff v. ROSS G. NEWLAND, JR., Defendant

No. COA97-850

(Filed 5 May 1998)

**Divorce and Separation § 35 (NCI4th)— separation agreement—living in marital residence for additional time—no reconciliation—agreement valid**

A separation agreement in which the parties waived post-separation support and alimony was not invalid because the parties both continued to reside in the marital residence for thirty-one days after the separation agreement was executed where the parties agreed to separate "substantially contemporaneously" with the execution of the agreement; the wife requested additional time to find alternative housing, and the husband agreed; after execution of the agreement, the parties did not hold themselves out as husband and wife, they communicated to several people that they had executed a separation and property settlement agreement, and the wife began packing her belongings; and the parties did not attempt reconciliation or resume marital relations after execution of the agreement.

Appeal by plaintiff from judgment signed 20 February 1997 by Judge David S. Cayer in Mecklenburg County District Court. Heard in the Court of Appeals 26 February 1998.

*Justice, Eve & Edwards, P.A., by David L. Edwards for plaintiff-appellant.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellee.*

MARTIN, Mark D., Judge.

Plaintiff appeals from the trial court's judgment denying plaintiff's claim to invalidate a separation and property settlement agreement and denying plaintiff's claims for post-separation support, alimony, attorney fees, and equitable distribution.

Plaintiff Sheila E. Newland and defendant Ross G. Newland, Jr., were married on 19 February 1972. On 11 December 1995 defendant presented to plaintiff a separation and property settlement agreement which the parties executed on 12 December 1995. On 13 December 1995 the parties signed an amendment to the separation and property settlement agreement. After plaintiff requested additional time to find alternative housing, the parties continued to reside in the marital residence at 10821 Redgrave Lane, Charlotte, North Carolina until 13 January 1996 when plaintiff moved.

During the thirty-one days that both parties continued to reside in the marital home after they signed the separation and property settlement agreement, neither party held themselves out as husband and wife. Moreover, plaintiff and defendant communicated to several people that they had executed a separation and property settlement agreement and admitted there were no attempts at reconciliation. Additionally, plaintiff began packing her belongings.

On 13 June 1996 plaintiff filed the instant action claiming the separation and property settlement agreement was null and void. In addition, plaintiff maintained she was entitled to recover post-separation support, alimony, attorney fees, and equitable distribution. In a judgment filed on 25 February 1997, the trial court denied plaintiff's claims to invalidate the separation and property settlement agreement and denied plaintiff's claims for post-separation support, alimony, attorney fees, and equitable distribution.

On appeal, plaintiff essentially contends the trial court erred by finding the separation and property settlement agreement valid. Specifically, plaintiff maintains the parties' failure to separate until thirty-one days after the execution of the separation and property settlement agreement rendered the post-separation support and alimony provisions null and void. We disagree and affirm the judgment of the trial court.

Generally, separation agreements provide "support for the [dependent spouse] and custody and support for minor children," *Stegall v. Stegall*, 100 N.C. App. 398, 403, 397 S.E.2d 306, 309 (1990),

*disc. review denied*, 328 N.C. 274, 400 S.E.2d 461 (1991), 2 R. Lee, *North Carolina Family Law* § 187, at 459-460 (4th ed. 1980), and "are valid . . . if executed after the parties are separated or *when separation is imminent." Stegall*, 100 N.C. App. at 404, 397 S.E.2d at 309 (emphasis added). Additionally, "separation agreements entered into while the parties are still living together but *planning to separate* may . . . be valid." *Id.* at 405, 397 S.E.2d at 309 (emphasis added); *see* 2 R. Lee, *North Carolina Family Law* § 188, at 481 (4th Ed. Supp. 1997) However, "reconciliation of the parties voids the executory provisions of a separation agreement." *Id.* at 403, 397 S.E.2d at 309. *See In re Estate of Adamee*, 291 N.C. 386, 391, 230 S.E.2d 541, 545 (1976) (maintaining the parties' separation agreement is void if they reestablish a marital home).

In contrast, property settlements involve the distribution of marital property between the parties and may be entered into at any time, before, during or after marriage. N.C. Gen. Stat. § 50-20(d) (1995); Lee, *supra*, § 187, at 460. Resumption of marital relations after the execution of a property settlement agreement may rescind the executory provisions of a property settlement if the agreement was "negotiated in 'reciprocal consideration' for the separation agreement." *Morrison v. Morrison*, 102 N.C. App. 514, 518, 402 S.E.2d 855, 858 (1991). "This is so whether the property settlement and the separation agreement are contained in a single document or separate documents." *Id.*

The trial court's findings of fact in a bench trial generally "have the weight of a jury verdict and are conclusive on appeal if supported by competent evidence[,] . . . even though the evidence might also sustain findings to the contrary." *Foster v. Foster Farms*, Inc., 112 N.C. App. 700, 706, 436 S.E.2d 843, 847 (1993).

In the present case, the trial court's findings of fact are supported by competent evidence and they, in turn, support the conclusions of law. *See Camp v. Camp*, 75 N.C. App. 498, 504, 331 S.E.2d 163, 166, *disc. review denied*, 314 N.C. 663, 335 S.E.2d 493 (1985). Specifically, the trial court found that "the parties agreed in the contract to separate 'substantially contemporaneously' with execution of the document." Moreover, the trial court determined "[i]t was the parties' intent at execution of the Contract to separate immediately" but "[w]hen Mrs. Newland requested additional time to locate an alternative residence, Mr. Newland agreed." Based on these findings, the trial court properly concluded the parties "did not reconcile follow-

ing the execution of the contracts" and determined the separation agreement was valid.

Because the parties did not resume marital relations and the separation agreement provisions are therefore valid under the present facts, we do not consider whether the property settlement provisions of the contract, executed pursuant to N.C. Gen. Stat. § 50-20 (d), were affected by the parties' conduct. *See Morrison*, 102 N.C. App. at 518-519, 402 S.E.2d at 858. As a result, the parties' waiver of post-separation support and alimony is valid. Accordingly, plaintiff's contentions are without merit.

Affirmed.

Judges LEWIS and MARTIN, John C., concur.