BONNIE EDWARDS SMITH v. OSBORNE WEBSTER SMITH, SR.

No. 7122DC416

(Filed 15 September 1971)

Divorce and Alimony §§ 16, 18— wife's action for alimony without divorce — alimony pendente lite — absolute divorce granted to husband

The wife's action for alimony without divorce was properly dismissed and order awarding the wife alimony *pendente lite* was properly terminated on motion of the husband where the husband had been granted an absolute divorce from the wife in an action instituted by the husband after the order for alimony *pendente lite* was entered in the wife's action.

APPEAL by plaintiff from *Dearman, District Judge,* 15 February 1971 Session of District Court held in IREDELL County.

On 24 March 1970 plaintiff instituted this action for alimony and alimony *pendente lite.* Defendant filed answer denying the material allegations of the complaint. On 10 April 1970 plaintiff's application for alimony *pendente lite* was heard and an order was entered which provided for the payment of alimony *pendente lite* and counsel fees. In December 1970 defendant in this action instituted a separate action for divorce against plaintiff. Plaintiff, though personally served with process, did not file answer or other pleadings. On 14 January 1971 judgment was entered granting defendant an absolute divorce from plaintiff and the bonds of matrimony were dissolved. On 25 January 1971 defendant filed a motion in the present action seeking an order terminating the payment of alimony *pendente lite* because of the change of conditions of the parties *i.e.,* the entry of a judgment of divorce. Defendant was not in arrears. After due notice, defendant's motion came on for hearing. The court found facts substantially in accord with the foregoing and entered a judgment which ordered the termination of the payments of alimony *pendente lite* and dismissed plaintiff's action. Plaintiff appealed.

*Collier, Harris and Homesley by Walter H. Jones, Jr., and T. C. Homesley, Jr., for plaintiff appellant.*

*William E. Crosswhite for defendant appellee.*

VAUGHN, Judge.

The judgment of absolute divorce in the husband's action proscribed any subsequent judgment awarding alimony in this

Smith v. Smith

action instituted by the wife. *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867. In *Yow,* after holding that a judgment of absolute divorce in the husband's action did not annul the right of his former wife to receive assistance *pendente lite* under an order rendered in her action for alimony without divorce, before the commencement of the proceedings for absolute divorce, the court said:

> "Since the institution of plaintiff's action for alimony without divorce, the defendant has always had, and has now, the right to bring that action, to a final determination. A final determination would terminate the orders herein for subsistence *pendente lite.* However, it would not affect the payment in arrears. The defendant has no one to blame except himself that these orders are still effective."

In the case under consideration, by motion in the cause, defendant has attempted to bring the pending alimony suit to a "final determination" and terminate the order for alimony *pendente lite.* We hold that defendant chose the proper procedure. In holding that the trial judge was correct in terminating the husband's obligation for payment of alimony *pendente lite,* we find support in the concurring opinion written by Bobbitt, J., (now Chief Justice) in *Yow v. Yow, supra.*

> "1. Such *pendente lite* orders are interlocutory, designed to insure that a dependent wife suffer no disadvantage in the prosecution of her action on account of lack of funds for subsistence and counsel fees during its pendency. *Oliver v. Oliver,* 219 N.C. 299, 13 S.E. 2d 549.

> 2. Since Ch. 814, Session Laws of 1955, a wife may file a cross action for alimony without divorce in her husband's action for absolute divorce; and conversely, a husband may file a cross action for absolute divorce in his wife's action for alimony without divorce.

> 3. A trial of an action for alimony without divorce, subsequent to a valid decree of absolute divorce, would present, to say the least, an anomalous situation. If such action could be tried, and the wife obtained a final decree for alimony without divorce after trial on the merits, the judgment in her favor, which would supersede all *pendente lite* orders, would be rendered subsequent to the commence-

ment of the action for absolute divorce and so not within the protection of G.S. 50-11."

The judgment from which plaintiff appealed is affirmed.

Affirmed.

Judges BROCK and GRAHAM concur.