ATLANTA KING TAYLOR v. WILBUR J. TAYLOR, SR.

No. 755DC221

(Filed 16 July 1975)

1. **Divorce and Alimony § 16— alimony — transfer of real property — order improper**

    The trial court in an action for alimony erred in directing that defendant transfer title to certain real estate to plaintiff. G.S. 50-16.7(a).

2. **Divorce and Alimony § 16— amount of alimony.— improper purpose for award**

    In an action for alimony the trial court erred in ordering defendant to pay plaintiff $100,000 in cash and to transfer real estate with a value in excess of one million dollars to plaintiff where the judgment sought to reward plaintiff for her part in the development of defendant's business, to extend defendant's obligation to support his wife beyond his death, and to divide defendant's estate, rather than to provide for plaintiff's reasonable support.

3. **Divorce and Alimony §. 18— attorney's fee — award proper**

    The trial court in an action for alimony did not err in ordering defendant to pay plaintiff's counsel where defendant stipulated that plaintiff did not have sufficient means to defray and employ the necessary legal expenses of suit and was entitled to an order allowing counsel fees in accordance with G.S. 50-16.4.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 23 October 1974 in District Court, NEW HANOVER County. Heard in the Court of Appeals 14 May 1975.

This is an action for alimony.

On 18 February 1974 an order was entered allowing alimony *pendente lite* and counsel fees. Among other things the order awarded plaintiff $2,000.00 per month and $8,867.15 in counsel fees and suit expenses. The parties stipulated that plaintiff was entitled to alimony and counsel fees.

On 15 October 1974 the case came on for hearing before the judge without a jury. The question for determination was the amount of alimony. The court entered judgment awarding alimony in a lump sum as follows. Defendant was ordered to pay $100,000.00 in cash. The judgment also transferred title to real estate from defendant to plaintiff. Plaintiff had alleged that the value of the real estate the court ordered transferred to plaintiff was in excess of one million dollars. Defendant was

also ordered to pay plaintiff's counsel the additional sum of $20,000.00.

Defendant appealed.

*Stevens, McGhee, Morgan & Lennon, by Karl W. McGhee and Charles E. Sweeny, Jr., for plaintiff appellee.*

*W. K. Rhodes, Jr., and Murchison, Fox & Newton, by Joseph O. Taylor, Jr., for defendant appellant.*

VAUGHN, Judge.

We need not refer to the evidence. The judgment awarding alimony is, on its face, so affected by errors of law that it must be vacated.

G.S. 50-16.7, in pertinent part, is as follows:

"How alimony and alimony pendente lite paid; enforcement of decree.— (a) Alimony or alimony pendente lite shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property or any interest therein, or a security interest in or possession of real property, as the court may order."

[1] This section does not authorize the court to direct that alimony be paid by the transfer of title to real estate. In a proper case it may transfer possession of real estate. The court may order that defendant's security interest in real estate be transferred. The security interest to which the statute refers is an interest in real estate which secures the payment of an obligation.

The evidence indicates that plaintiff, age 61, has assets which include the following: real estate, $68,000.00; bank checking account, $5,468.24; savings account, $1,036.50; bank certificates of deposit, $30,000.00. The last item is pledged to secure a loan. Plaintiff refused to say how the loan proceeds were being used except to say, " . . . I still have it in another form as far as my wealth goes."

Defendant, age 72, is a man of considerable wealth. The court found that, in addition to the real estate ordered transferred to plaintiff, defendant owns real estate valued at $970,000.00 and other property valued at $266,500.00. There was some speculation that defendant had large sums of cash in safety

deposit boxes and elsewhere. At any rate it is clear that defendant has ample means to pay almost any amount of alimony if that amount is lawfully determined in accordance with the statute.

We quote relevant parts of the judgment.

"2. That the plaintiff has during her 40 years of marriage with defendant been instrumental in the defendant's businesses and has, through her efforts, materially helped the defendant in his business enterprise.

\*　　\*　　\*

3. That the Court takes judicial notice of the defendant's right to obtain an absolute divorce, and that upon the granting of an absolute divorce the plaintiff will be completely divested of rights to inheritance, elective life estate, and any dower in any real estate owned by the defendant, and also will terminate the defendant's obligation to support the plaintiff, except as herein ordered.

\*　　\*　　\*

5. That the plaintiff is 61 years of age, and that the defendant will be 72 years of age in December of 1974, and the life expectancy of each would require a lump sum award rather than a monthly, quarterly, or yearly continuing allowance."

[2]  These and other parts of the judgment make it clear that the emphasis is not on providing for the reasonable support of the wife as contemplated by the statute.

The judgment erroneously seeks to reward plaintiff for her part in the development of defendant's business. Unlike the plaintiff in *Eggleston v. Eggleston,* 228 N.C. 668, 47 S.E. 2d 243, the plaintiff here did not seek to establish the existence of a partnership with her husband. Defendant has a duty to provide reasonable support for his wife and it is to that duty that the statute speaks. Defendant is a wealthy man. The award should be "commensurate with the normal standard of living of a wife of a man of like financial resources." *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5. It should also be noted that this is not a "Community Property" state and only the Legislature could properly make it one. The lawmaking branch having declined to enact that or a similar concept, it should not come to

be by judicial dictum, however well intentioned or fair-minded it may appear in a particular case.

Defendant's obligation to provide support for his wife will terminate at his death. It is error to require him to establish, in effect, a fund that is calculated to extend that obligation.

Plaintiff's right to receive support from defendant will terminate at her death. It may, of course, terminate earlier. It is error to require defendant to establish a fund calculated "to increase an estate for his estranged wife to pass onto her next of kin." *Sayland v. Sayland,* 267 N.C. 378, 148 S.E. 2d 218.

The judgment is more in the nature of a division of defendant's estate than it is an award of alimony, and this is wrong. "The purpose of the award is to provide for the reasonable support of the wife, not to punish the husband or to divide his estate." *Schloss v. Schloss, supra.*

[3]   On this record, it was not error to order defendant to pay plaintiff's counsel. Defendant stipulated that plaintiff did not have sufficient means to "defray and employ the necessary legal expenses" of suit and made an unrestricted stipulation "that the plaintiff is entitled to an order allowing counsel fees in accordance with G.S. 50-16.4." We will not go behind those stipulations and consider whether an award would have been proper in their absence. No abuse of discretion has been shown in the amount allowed.

For the reasons stated the judgment is vacated. The case is remanded for proceedings not inconsistent with this opinion.

Judgment vacated.

Judges BRITT and PARKER concur.