NELLE L. MARKHAM, PLAINTIFF v. REBECCA F. MARKHAM, EXECUTRIX OF THE ESTATE OF HAROLD T. MARKHAM, DECEASED, DEFENDANT, AND REBECCA F. MARKHAM, DEFENDANT

No. 8020SC860

(Filed 7 July 1981)

1. **Divorce and Alimony § 16— alimony—termination upon death**

The evidence supported the trial court's finding that payments of $100 per week for 521 weeks which a divorce judgment required decedent to make to plaintiff constituted alimony and not a property settlement, and plaintiff's right to receive the payments terminated upon decedent's death.

2. **Fraudulent Conveyances § 3.4— insufficient evidence of fraudulent transfer**

The evidence supported the trial court's determination that decedent's assignment of his interest in two notes and a deed of trust to his second wife was lawful and not fraudulent as to his creditors, including his first wife, where the evidence tended to show that at the time of the assignment decedent was indebted to his former wife for alimony arrearage in an amount of $700 to $800; decedent had income in the year of assignment from the sale of land; decedent thought his first wife had no further interest in the notes after their divorce; prior to the assignment, decedent had suffered a stroke and was no longer able to work; decedent's medical and other expenses exceeded his income and were paid by his second wife; and the notes were assigned to decedent's second wife because of money she had loaned to him and because of all the expenses incurred by reason of his illness.

3. **Bills and Notes § 7— retention of interest in notes upon divorce**

The evidence supported findings by the trial court that decedent's former wife retained her one-half interest in two notes at the time of her divorce from decedent and that decedent thus did not assign the entirety of the notes to his second wife.

APPEAL by plaintiff and defendants from *Reid, Judge.* Judgment entered 14 March 1980, Superior Court, MOORE County. Heard in the Court of Appeals 30 March 1981.

This action was instituted to recover allegedly due but unpaid alimony from the estate of Harold T. Markham; to have Rebecca F. Markham, individually, pay into the estate of Harold T. Markham $19,562.90 plus interest representing one-half interest in two notes given to plaintiff and Harold T. Markham in payment for the sale of property owned by them as tenants by the entirety and assigned by Harold T. Markham to Rebecca F. Markham; to have Rebecca F. Markham deliver to the estate of Harold T. Markham the interest of plaintiff in the two notes; to recover from the estate the sum of $19,562.90 plus interest. Defendant both individually and as Executrix, denied the pertinent allegations of the complaint.

A receiver was appointed by the court to receive payments of principal and interest on the two notes and to place funds received by him in a saving account pending order or judgment of the court. Subsequently, the court entered an order authorizing the receiver to receive payment in full of one of the notes and direct the trustee to cancel the deed of trust of record.

After trial of the matter before the court without a jury, the court made the following findings of fact and conclusions of law:

1. That the payments awarded in the divorce decree providing inter alia that plaintiff (Harold Markham) paid to defendant (Nelle Markham) the sum of One Hundred Dollars ($100.00) per week for a period of 521 weeks was a provision for the maintenance and support of Nelle L. Markham.

2. That Harold Markham paid Nelle Markham $2,100.00 on said payments before his death, and at his death was 162 weeks in arrears on his weekly support payments.

3. That the settlement agreed upon between Nelle L. and Harold T. Markham made no provision for, nor any reference to, the Foxfire or the McSwain notes.

4. That Nelle Markham did not in the agreement with Harold Markham assign, convey or otherwise transfer her interest in and to the Foxfire or McSwain notes to Harold Markham.

5. That by his conduct and disposition and after the divorce entered on November 20, 1972, with regard to the Foxfire

and McSwain notes, it is manifest that Harold Markham was motivated by the belief that the failure of Nelle Markham to make demand for the Foxfire or McSwain notes, or any interest therein, had amounted to a relinquishment by Nelle Markham of a claim to her interest in the Foxfire and Mc-Swain notes in consideration of the other conveyances made to her by Harold Markham at the time of the entry of the divorce judgment.

6. That Harold T. Markham was motivated by the belief (albeit erroneous) that he was the owner of all right, title, and interest in both the Foxfire and McSwain notes, and that his assignment of his interest in same to Rebecca Markham was not motivated by any intent to defraud Nelle Markham.

7. That Harold Markham suffered a crippling stroke on December 28, 1972, and was unable thereafter to pursue any gainful employment. That after December 28, 1972, his expenses were far in excess of his income. That his assignment of his interest in the Foxfire and McSwain notes to his wife, Rebecca Markham, were in consideration of his financial dependence upon his wife, Rebecca Markham, and in repayment of prior loans made to him by Rebecca Markham. That such assignment to Rebecca Markham was not for the purpose of defrauding his creditors in general, and Nelle Markham in particular.

8. That upon and after the divorce of Nelle L. Markham and Harold T. Markham, Nelle L. Markham had and retained a one-half undivided interest in the Foxfire and McSwain notes and deeds of trust as a tenant in common with Harold T. Markham.

Upon the foregoing Findings of Fact the Court concludes as a matter of law:

1. That said payments of $100.00 per week set out in the divorce judgment as payments for the support and maintenance of Nelle L. Markham as such ceased as a matter of law upon the death of Harold T. Markham, pursuant to the provisions of G.S. 50-16.9(b).

2. That on May 6, 1976, Harold T. Markham was indebted to Nelle L. Markham for the sum of $16,200.00 for payments due

under the provisions of the divorce decree, together with interest thereon at the rate of six percent per annum.

3. The ownership interest of Harold T. Markham and Nelle L. Markham in the Foxfire and McSwain notes and deeds of trust were unchanged and not modified by their 1972 property settlement and divorce as to their ownership as tenants in common.

4. That prior to their divorce in 1972 Nelle L. Markham and Harold T. Markham each had an undivided one-half interest in the Foxfire and McSwain notes and deeds of trust.

5. That upon and after the divorce of Nelle L. and Harold T. Markham in 1972 Nelle L. Markham had and retained a one-half undivided interest in the Foxfire and McSwain notes and deeds of trust as a tenant in common with Harold T. Markham.

6. On and after November 20, 1972, Nelle L. Markham was and is entitled to have and receive one-half of any proceeds, including principal and interest, of the said Foxfire and McSwain notes and deeds of trust which were received by Harold T. Markham and his Estate, together with interest thereon.

7. That Nelle L. Markham is entitled to have and receive one-half of any proceeds, including principal and interest, of said Foxfire and McSwain notes and deeds of trust which have been received and held by the Receiver in this action plus one-half of all accumulated interest received and retained by the Receiver.

8. That Nelle L. Markham is entitled to have and receive one-half of any proceeds, including principal and interest, of said Foxfire and McSwain notes and deeds of trust which will be received and held by the Receiver in this action plus one-half of the accumulated interest in said notes.

9. That the effect of the assignment of June 17, 1973, by Harold T. Markham to Rebecca F. Markham was a conveyance only of Harold T. Markham of one-half undivided interest in and to the Foxfire and McSwain notes.

10. That Rebecca F. Markham is entitled to have and receive one-half of any proceeds, including principal and interest, of said Foxfire and McSwain notes and deeds of trust which have been held by the Receiver in this action, together with one-half of all accumulated interest thereon since November 20, 1972.

From the judgment entered all parties appealed.

*Joseph D. Eifort for plaintiff appellant and plaintiff appellee.*

*Pollock, Fullenwider, Cunningham and Pittman, by Bruce T. Cunningham, Jr., for defendant appellant and defendant appellee.*

MORRIS, Chief Judge.

### Plaintiff's Appeal

All questions raised by this appeal are properly answered by a determination of whether the facts found by the court are supported by competent evidence and a determination of whether the facts so found are sufficient to support the conclusions of law made. Plaintiff does not contend that there were errors of law made, and she does not seek a new trial.

The court, sitting as the trier of facts, makes findings of fact which have the force and effect of a jury verdict, and its judgment will not be disturbed on appeal if there is any evidence to support its findings of fact and those findings support the judgment, even though the evidence might sustain findings to the contrary. *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976); *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975).

[1]  Plaintiff first assigns as error the court's finding of fact No. 1, that the payments of $100 per week for 521 weeks was alimony, contending that the evidence requires a finding that it was a property settlement. We do not agree. We think the evidence, viewed as a whole, compels this finding. Plaintiff's counsel, on 27 September 1972, wrote counsel for her husband, who, at that time had filed an action for absolute divorce based on separation for one year. For plaintiff, her counsel suggested that she was "prepared to file an answer for the purpose of bringing about a property settlement between the Plaintiff and Defendant *and also providing for her support.*" (Emphasis ours.) The letter proceeded

to set out the requirements of plaintiff with respect to conveyances of real property and household furnishings and then said: "Pay to her the sum of $100.00 per week for the next 10 years *for her support and maintenance.*" Answer was filed admitting the allegations of the complaint, and judgment was entered reciting as a part of the judgment "[t]hat the plaintiff, as a part of the agreed property settlement between the plaintiff and defendant, shall pay to the defendant for her sole support and maintenance the sum of One Hundred ($100.00) Dollars per week for a period of five hundred twenty-one (521) weeks, with the first payment of One Hundred ($100.00) Dollars due and payable on the 27th day of November, 1972, and a like weekly payment of One Hundred ($100.00) Dollars on the 1st day of each week thereafter for a total of five hundred twenty-one (521) weeks." This was referred to as the executory portion of said settlement. There was evidence that plaintiff, in her deposition testimony, referred to the payments as alimony, and Harold Markham took a deduction for $1,800 on his 1973 income tax return for "alimony". We believe that while the court might have found that the parties intended the payments to be property settlement, there is sufficient evidence to support the finding that they were alimony. Plaintiff properly concedes that if the payments are alimony, they terminate at the death of Harold Markham.

Next plaintiff contends that there was no sufficient evidence that Harold Markham had paid $2100 in alimony to plaintiff prior to his death. Plaintiff contends that the evidence supports no more than $1900. There was evidence of fifteen checks for $100 each from Harold Markham to plaintiff. There was also evidence that Harold deposited $400 into plaintiff's bank account. Plaintiff does not question this. However, plaintiff does question the evidence with respect to the remaining $300. The evidence with respect to this is that "defendant's Exhibit No. 5 is a check for $300.00 dated 20 February 1973, from Harold's nephew, George Markham, made out to Mrs. Nelle Markham." There is no evidence that the check was in payment of the alimony. Defendant's evidence, as disclosed by defendant's exhibit 3, for which defendant Rebecca Markham testified, was that of 20 February 1973, the alimony payments were current and remained current through 5 March 1973. Mrs. Rebecca Markham testified that she had "documents showing that the total received by Nelle L.

Markham for alimony was $2100.00 during the years 1972 and 1973." She did not specify what the documents were. We do not believe the evidence supports a finding of payments of $2100. The plaintiff does not question the $400 deposited into Nelle Markham's account in November 1973. Finding of fact No. 2 is modified to the extent that the payments were $1900 and he was 165 weeks in arrears.

[2] Next plaintiff urges that there is insufficient evidence to support the finding that Harold T. Markham lawfully assigned his interest in the two notes and deed of trust to Rebecca F. Markham. Again we disagree. There is evidence that the notes were assigned in June 1973. Plaintiff and Harold Markham were divorced in November 1972 and Harold Markham suffered a crippling stroke in December 1972, after which he was not able to work. At the time of the assignment he was indebted to Nelle Markham for alimony arrearage in an undisclosed amount which, according to the evidence for defendant, could not have exceeded $700 or $800. There is evidence that Harold Markham that year, in addition to the income from the notes, had income from the sale of land in Randolph County. There is also evidence that he thought his first wife had no further interest in the notes after the divorce, he having told the maker of one of the notes that he received them in the divorce settlement. There is evidence that he was not able to work, that his medical and other expenses were considerably more than his income, that his second wife paid most of his expenses, and that the notes were assigned to her because of money she had previously loaned to him and because of all the expenses incurred by reason of his illness. Plaintiff, in her brief, correctly sets out the elements of a fraudulent transfer of property. We simply do not agree that the evidence here requires the application of those elements, or any of them. We agree that the evidence supports the finding of fact. We are also of the opinion that there is sufficient evidence to support findings of fact Nos. 5, 6 and 7 to all of which plaintiff assigns error.

The conclusions of law based on the findings to which plaintiff excepts are supported by the findings, including conclusion of law No. 9, with the exception that conclusion of law No. 2 must be modified to show the indebtednes of Harold Markham to Nelle Markham on 6 May 1975 as $16,500 rather than $16,200. No. 1 in the decretal part of the judgment must also be so modified.

### Defendant's Appeal

[3] Defendant, by her five assignments of error contends that the court should have found (1) that Nelle Markham had relinquished one-half of the proceeds from the two notes when she proposed a settlement which included no demand for the notes or any interest therein, and (2) that Harold Markham assigned to Rebecca the entirety of the two notes. The second question is necessarily answered by the first.

Defendant does not seek a new trial. As is true with plaintiff's appeal defendant contends the evidence was insufficient to support the findings which it assigns as error.

There is no evidence that Nelle Markham relinquished her interest in the notes (there is no dispute with respect to the conclusion of law No. 4 to the effect that prior to the divorce Nelle and Harold Markham each owned an one-half interest in the notes) except that Harold Markham thought she had and so told the maker of one of the notes. There is evidence that the notes were not included in the property settlement. There was evidence that other property was not included. There was also evidence that no agreement with respect to the division of property was ever executed, and that Harold Markham did not comply with the terms of the letter of plaintiff's attorney. The evidence is undisputed that Nelle Markham did not discuss the notes with her attorney and that she first became aware of her entitlement to a portion of the proceeds after the death of Harold Markham. There is evidence that she did not know how payment for the property was to be made, did not know the sales price for them, and did not see the notes and deeds of trust at the settlement in 1969. She did not realize during the divorce and afterwards that she was supposed to get one-half of the proceeds of the notes. It is quite clear that there is no evidence which would support a transfer of her interest in the notes to Harold Markham. On the contrary, the evidence does, we think, support the finding that at the time of the divorce she retained her one-half interest in the notes.

Holding, as we do—that the court's findings and conclusions that any agreement between Nelle and Harold Markham did not refer to the notes, that Nelle did not relinquish her interest or transfer her interest to Harold and that the ownership was not

modified by the property settlement—it follows that Harold Markham did not assign to Rebecca the entirety of the two notes.

The judgment of the trial court is modified in accordance with this opinion and affirmed.

Modified and affirmed.

Judges MARTIN (Harry C.) and HILL concur.