WILLIAM A. McCALL v. JACK R. HARRIS AND EDWIN A. PRESSLY, DOING
BUSINESS AS HARRIS & PRESSLY, ATTORNEYS AT LAW; AND ORA J. McCALL

No. 8122SC239

(Filed 5 January 1982)

**Divorce and Alimony § 20.1— absolute divorce prior to sale of property securing
judgment lien—lump sum alimony unaffected**

Defendant McCall did not forfeit her right to receive alimony, awarded as
a result of a 29 December 1978 action which resulted in a lump sum of alimony
without divorce in her favor, when she obtained a divorce based on separation
prior to the sale of foreclosed property she owned by the entirety with plain-
tiff which secured a judgment lien she had obtained with the other defendants.
The lump sum award accrued when it was granted and was unaffected by the
subsequent divorce decree. G.S. 50-6, 50-11 and 50-16(1).

APPEAL by plaintiff from *Davis, Judge.* Judgment entered 30
December 1980 in Superior Court, ALEXANDER County. Heard in
the Court of Appeals 14 October 1981.

Plaintiff initiated this special proceeding to recover the ex-
cess funds ($24,298.53) remaining after the foreclosure of property
he owned with defendant McCall as tenants by the entirety. The
complaint states that on 29 December 1978 the defendant McCall
filed a civil action against plaintiff in district court which resulted
in a judgment for a lump sum of alimony without divorce in the
sum of $20,000 in favor of defendant McCall, and $3,000 in at-
torney's fees to the other two defendants. Plaintiff alleged that
since he and defendant McCall were still married at the time of
the complaint, the $24,298 belonged to him, and he requested that
the Clerk of Superior Court turn those funds over to him.

In response the defendants denied the essential allegations of
plaintiff's claim. They further averred that a 24 September 1979
judgment, under which they obtained a lien upon the foreclosed
real property, entitled them to the sums held by the Clerk of
Superior Court.

On 24 September 1980 the Clerk of Superior Court entered
an order in which she found that the trustee in the foreclosure
sale had turned over the $24,000 to the Clerk, and that the Clerk
had paid half of that sum to the defendant McCall. The Clerk
noted that she was holding the balance for distribution to the par-

ty entitled thereto. The Clerk further found that defendant Mc-Call had filed a civil action against plaintiff, and that judgment in the sum of $20,000 was granted to defendant McCall, and $3,000 to the defendant attorneys. It was ordered that this judgment be secured by real and personal property owned by plaintiff individually or jointly with defendant McCall. The Clerk concluded that neither the defendant McCall, nor the attorneys, acquired any right or interest in the funds being held by the Clerk. She ordered that the plaintiff recover the funds remaining with the Clerk.

The defendants appealed to superior court and thereafter moved for summary judgment. Defendants noted that since the sale of the property on 13 August 1980, the plaintiff and defendant McCall had obtained an absolute divorce. Plaintiff also moved for a summary judgment.

The court entered summary judgment awarding the excess proceeds from the sale of the house to defendants. Plaintiff appeals.

*Bondurant and Lassiter, by T. Michael Lassiter, for plaintiff appellant.*

*Harris and Pressly, by Edwin A. Pressly, for defendant appellees.*

ARNOLD, Judge.

Plaintiff argues that the defendant forfeited her right to receive the alimony awarded in the prior judgment when she obtained a divorce based on separation, and that the court erred in entering summary judgment in her favor.

Defendants respond that, although prior to 1967 (when permanent alimony became available) the courts in this State had held that divorce terminated all rights of the dependent spouse to receive alimony arising out of the marriage, a divorce did not annul or destroy the dependent spouse's right to receive alimony that had accrued. *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857 (1962); *Smith v. Smith,* 12 N.C. App. 378, 183 S.E. 2d 283 (1971). Defendants contend that the situation here is analogous to cases prior to 1967 where final divorce was granted following a judgment for alimony *pendente lite,* and urge that the

G.S. 50-11 reference to "arising out of the marriage" be read as referring only to future payments of alimony becoming due after such absolute divorce.

This appeal presents a close question. We suggest that the wife here would have been well-advised to have postponed her divorce action until after sale of the property securing the judgment lien and distribution of the proceeds therefrom.

A careful review of the wording of G.S. 50-16.1(1), which sets forth the statutory definition of alimony, leads us to the conclusion that the legislature clearly intended to include lump sum awards such as that involved here, as well as periodic support. However, defendants' argument that a lump sum award of alimony "accrues" when it is granted is well taken. According to prior case law accrued support payments are exempt from the effects of a divorce. *Yow v. Yow*, 243 N.C. 79, 89 S.E. 2d 867 (1955); *Smith v. Smith, supra.*

We note also that the failure of the divorce judgment to make any reference to support or property disposition suggests that the trial judge considered all claims between the parties to have been settled by the prior judgment. Indeed, the legislature stipulated in a 1979 amendment to G.S. 50-6 that "no final judgment of divorce shall be rendered under this section [on the basis of separation of one year] until the court determines that there are no claims for support or alimony between the parties or that all such claims have been fully and finally adjudicated." *Hamilton v. Hamilton*, 296 N.C. 574, 251 S.E. 2d 441 (1979).

In view of this amendment, and the rule established by prior North Carolina cases, we are persuaded that the defendants' interpretation of G.S. 50-11 is that which was intended by the legislature. Accordingly, we find that the alimony award here had accrued upon judgment and was unaffected by the subsequent divorce decree.

Affirmed.

Chief Judge MORRIS and Judge BECTON concur.