MAX R. WHITESELL, JR. v. PAMELA CHERYL GARNER WHITESELL

No. 8220DC23

(Filed 16 November 1982)

**Divorce and Alimony § 16.9— award of alimony for specified period—lump sum alimony**

   An award of alimony in the sum of $30.00 per week for a six-month period constituted an award of lump sum alimony which was proper under G.S. 50-16.1(1) and G.S. 50-16.7(a).

APPEAL by defendant from *Huffman, Judge.* Judgment entered 18 August 1981 in District Court, MOORE County. Heard in the Court of Appeals 21 October 1982.

Defendant appeals from a judgment which awarded her custody of the parties' minor child, support for the child, and alimony.

   *Hurley E. Thompson, Jr., for plaintiff appellee.*

   *Ottway Burton, P.A., for defendant appellant.*

WHICHARD, Judge.

The court awarded alimony to defendant in the sum of $30.00 per week, "beginning Friday, July 3, 1981 and each and every Friday thereafter until and including January 1, 1982." Defendant contends the court erred in providing for termination of the payments after a specified period. The contention is without merit.

Alimony is "payment for the support and maintenance of a spouse, *either in lump sum* or on a continuing basis." G.S. 50-16.1(1) (emphasis supplied). It may be "by *lump sum payment*, periodic payments, or by transfer of title or possession of . . . property, as the court may order." G.S. 50-16.7(a) (emphasis supplied).

Our Supreme Court has described an award of alimony for a specified period only, such as that here, as "indu[bit]ably alimony in gross or 'lump sum alimony.'" *Mitchell v. Mitchell*, 270 N.C. 253, 257, 154 S.E. 2d 71, 74 (1967). This Court has stated that the statutes cited above "authorize the court, in a proper case, to

order alimony to be paid in a lump sum." *Taylor v. Taylor*, 46 N.C. App. 438, 444, 265 S.E. 2d 626, 630 (1980). *See also Markham v. Markham*, 53 N.C. App. 18, 279 S.E. 2d 905 (1981) (question not explicitly presented, but order of periodic payments for a specified period implicitly approved). This Court has also stated:

> Under the statutory authority vested in the trial judge he could award a lump payment or monthly payments. The amount of the allowance for subsistence is a matter for the trial judge. The exercise of his discretion in this respect is not reviewable except in case of an abuse of discretion.

*Austin v. Austin*, 12 N.C. App. 390, 392, 183 S.E. 2d 428, 430 (1971).

Pursuant to the foregoing authorities, the court in its discretion could award lump sum alimony for a specified period only. The amount of the award was also in its discretion, subject to review only for abuse. We find no abuse of discretion in the sum awarded.

Counsel for defendant indicated in oral argument that he would not seriously pursue the other two contentions argued in his brief. We have examined the contentions, and we find them without merit.

Affirmed.

Judges VAUGHN and WELLS concur.