DAVID B. GILBERT v. NELL H. GILBERT

No. 8314DC1183

(Filed 6 November 1984)

**Divorce and Alimony § 16.9— alimony—transfer of real property other than to secure payment—improper**

> The trial court improperly ordered conveyance to the defendant wife of an interest in the marital home and other real estate where none of the considerations given in the judgment indicated that the judge feared that alimony payments would not be made. The transfer of real property referred to in G.S. 50-16.1(c) incorporates subsection (b) of the statute and enables the court to

order a transfer of title to real property only to secure payment of an award of alimony made under G.S. 50-16.1(a).

APPEAL by plaintiff from *LaBarre, Judge*. Judgment entered 14 June 1983 in District Court, DURHAM County. Heard in the Court of Appeals 30 August 1984.

This case involves a dispute over an alimony award. The plaintiff, David Gilbert, and the defendant, Nell Gilbert, were married on 20 June 1962. They have three children. During the early years of their marriage David Gilbert was a student in medical school. Nell Gilbert taught school until their first child was born. The family moved to Durham, North Carolina, in June 1969 when Dr. Gilbert accepted employment at the Duke University Medical Center.

The Gilberts acquired both real and personal property during the course of their marriage. Their property included the marital home, at 3212 Pinafore Drive, Durham, and a lot at Kerr Lake, both titled in David Gilbert's name. They also acquired shares of stock, some titled jointly, and others titled individually.

During the mid-1970's, the Gilberts' marriage deteriorated. They both underwent counselling, but this was to no avail. On 4 February 1978, Dr. Gilbert moved from the marital home to an apartment. He and Mrs. Gilbert have not lived together since. In August 1978, Mrs. Gilbert took a teaching job at Hope Valley School.

On 5 February 1979 Dr. Gilbert filed a complaint seeking divorce based on a one-year period of separation from Mrs. Gilbert. Judgment of absolute divorce was entered 15 June 1979, preserving the questions of child custody, alimony, alimony pendente lite, attorneys' fees, and possession of the marital home.

On 11 November 1979, an order was entered awarding the parties joint custody of the three minor children and providing for their support. The order also provided for alimony pendente lite, attorneys' fees, and possession of the marital home by the wife and children.

A jury trial held in December 1981 on the wife's claim for alimony based on abandonment resulted in a mistrial.

In March 1982, an order was entered increasing the amount of alimony pendente lite (Mrs. Gilbert had lost her teaching position) and decreasing the amount of child support (the oldest child having become emancipated). A further motion reducing the child support payments was made when the second child, William, began residing with his father.

By agreement, a trial to the court without a jury on the wife's alimony claim and the motion for a reduction in child support was held in May 1983. In the judgment entered 14 June 1983, Nell Gilbert was awarded permanent alimony (at the 7 April 1982 level); $10,000 in lump-sum alimony; a one-half interest in the marital home; the greater of $900 or one-half the value of additional real estate owned by Dr. Gilbert; and one-half of all jointly-owned stocks or the cash equivalency thereof. The court found no substantial change of circumstances that would justify modification of the April 1982 child support order. From the judgment as to the alimony award, the plaintiff appeals.

*Maxwell, Freeman, Beason and Morano, by James B. Maxwell, for plaintiff appellant.*

*Mount, White, King, Hutson & Carden, by William O. King and Elizabeth R. Stuckey, for defendant appellee.*

ARNOLD, Judge.

Plaintiff first contends that the order that a one-half interest in the marital home be conveyed to defendant was beyond the authority of the trial judge. Although the North Carolina statutes and decisions may not be entirely clear on this question, *see, e.g., Taylor v. Taylor,* 26 N.C. App. 592, 216 S.E. 2d 737 (1975); *Spillers v. Spillers,* 25 N.C. App. 261, 212 S.E. 2d 676 (1975); *Clark v. Clark,* 44 N.C. App. 649, 262 S.E. 2d 659, *modified,* 301 N.C. 123, 271 S.E. 2d 58 (1980), we find on considering them and the basic purposes of the alimony statute that the trial judge did not properly order conveyance to the defendant of an interest in the marital home and other real estate.

The purpose of alimony is to provide support and maintenance for the dependent spouse. G.S. 50-16.1. "Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, ac-

customed standard of living of the parties, and other facts of the particular case." G.S. 50-16.5(a).

The methods of structuring and enforcing payment of alimony are set out in G.S. 50-16.7 (1976). Subsection (a) provides:

> Alimony or alimony pendente lite shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property or any interest therein, *or a security interest in or possession of real property*, as the court may order. In every case in which either alimony or alimony pendente lite is allowed and provision is also made for support of minor children, the order shall separately state and identify each allowance. (Emphasis added.)

This part of the statute makes no mention of a transfer of title to real property and, as plaintiff argues, it appears to exclude by implication an order of such a transfer as part of the alimony award.

This subsection, however, must be read with the rest of the statute. Subsections (b) and (c) state that:

> (b) The court may require the supporting spouse to secure the payment of alimony or alimony pendente lite so ordered by means of a bond, mortgage, or deed of trust, or any other means ordinarily used to secure an obligation to pay money or transfer property, or by requiring the supporting spouse to execute an assignment of wages, salary, or other income due or to become due.
>
> (c) If the court requires the transfer of real or personal property or an interest therein as a part of an order for alimony or alimony pendente lite as provided in subsection (a) or for the securing thereof, the court may also enter an order which shall transfer title, as provided in G.S. 1A-1, Rule 70 and G.S. 1-228.

Admittedly, subsection (c) appears to conflict with subsection (a), in that it allows the court to transfer real property as part of the alimony award. We note, however, that in (c) "transfer" is modified by "as provided in subsection (a) or for the securing thereof." This limits the transfer to one of a security interest in or possession of real property. The second phrase "or for the securing thereof" refers back to subsection (b). We do not read

subsections (b) and (c) as enlarging the authority given the trial judge in subsection (a). Rather, these subsections enable the court to order a transfer of title to real property to secure an award of alimony made under subsection (a). Thus, the trial judge may order the transfer of title to real property, but only if it is necessary to insure the payment of alimony.

In the case at bar, the trial judge did not find sufficient facts to support the conveyance of a half interest in the marital home and other real estate as security for the payment of alimony. He wrote, in his judgment of 14 June 1983:

> 32. Considering the estate, earnings and positions of the parties, education, defendant's inability to be self-sufficient, the depletion of defendant's estate, the insecurity of defendant's future with respect to real estate which was acquired with funds and financial commitments of both parties but which was deeded only to plaintiff, and considering the circumstances of the separation, defendant is entitled to a lump sum payment of alimony, a one-half interest in the Pinafore Drive home, an interest in the equity of the Kerr Lake property, attorney's fees, an interest in jointly held stock, and permanent alimony. Plaintiff is healthy, able-bodied, and has an outstanding income and excellent income capacities. He possesses the means and abilities to provide the support which will be more particularly set out below.

None of the considerations given indicate that the judge feared that the alimony payments would not be made. The "insecurity of defendant's future" with respect to the real estate is not a proper reason for securing the alimony award now. The trial judge can adjust the alimony award in the future to meet the need for large financial commitments, such as a down payment on a new house when the writ of possession expires, that might occur then. If the trial judge believed that there were reasons, financial or otherwise, to suspect that the alimony payments would not be made in full, then he should have set them out specifically as grounds for the transfer of title to secure the alimony award.

The alimony statute, G.S. 50-16.7, authorizes the trial judge to order lump sum alimony payments and the transfer of title to personal property. In the case at bar, the trial judge did not

abuse his discretion in awarding the $10,000 lump sum payment or in transferring an interest in jointly-owned stock.

In light of the conclusions above, we see no point in addressing the issue of whether service of the plaintiff's proposed record on appeal was timely.

The trial judge's order is accordingly vacated as to the conveyance of a half interest in the marital home and other real estate, and remanded for further findings in accordance with this opinion, if the trial judge determines they are appropriate. The order is affirmed as to the other matters addressed in it.

Affirmed in part and vacated and remanded in part.

Judges WHICHARD and EAGLES concur.