Garner v. Garner

BERNICE F. GARNER (OETTENGER) v. DIXON B. GARNER

No. 874DC81

(Filed 19 January 1988)

**Husband and Wife § 11.2; Divorce and Alimony § 20.2— separation agreement incorporated in consent judgment—payments denominated "alimony"—payment not required after remarriage**

A monthly $400 payment from defendant to plaintiff provided for in the parties' separation agreement which was incorporated in a consent judgment was twice denominated "alimony," and the trial court erred in finding the payments to be part of the property settlement and in ordering defendant to make payments subsequent to plaintiff's remarriage.

APPEAL by defendant from *Martin (James N.), Judge.* Order entered 25 September 1986 in District Court, ONSLOW County. Heard in the Court of Appeals on 9 June 1987.

*Gaylor, Edwards & Vatcher by Walter W. Vatcher for plaintiff appellee.*

*Collins and Howard by Jill R. Howard for defendant appellant.*

COZORT, Judge.

Plaintiff initiated this action upon defendant's failure to pay her $400 per month pursuant to a consent judgment. From the trial court's order requiring him to continue the monthly payments, defendant appeals. We vacate.

Plaintiff and defendant were married on 22 December 1977. They separated on 26 March 1983, and on 2 June 1983 plaintiff filed a complaint for divorce from bed and board. The parties' attorneys began extensive settlement negotiations. The parties agreed on a "Deed of Separation and Property Settlement" which included the following paragraph:

> 18. Party of the first part [defendant] hereby agrees to pay to the party of the second part [plaintiff] for her sole use and benefit the sum of Four Hundred ($400.00) Dollars per month, beginning August 1, 1983, and continuing thereafter in a like amount each month for a period of ninety-six (96) months.

On 26 August 1983, the parties signed and filed a consent judgment based upon and attached to the Separation Agreement. In the judgment's conclusions of law the trial court stated:

> 4. That the plaintiff is a dependent spouse and the defendant is a supporting spouse and that the plaintiff is entitled to *alimony* from the defendant pursuant to the provisions of their Separation Agreement as hereto attached in the sum of $400.00 per month for 96 months. (Emphasis added.)

The trial court then ordered that the defendant "pay to the plaintiff *as alimony* the sum of $400.00 per month, . . . for a period of 96 months." (Emphasis added.)

On 1 August 1985, defendant stopped making his $400 monthly payment because plaintiff had remarried on 6 July 1985. He argued that the payments were alimony and that his obligation to pay ceased upon plaintiff's remarriage.

On 3 February 1986, plaintiff filed a motion for defendant to show cause why he should not be held in contempt for failure to pay the $400 monthly payment from August 1985. At the show cause hearing, the trial court allowed plaintiff to offer parol evidence of the parties' prior negotiations to show that the use of

the word "alimony" in the consent judgment was a mistake. The trial court also allowed plaintiff's former attorney to testify as to discussions she had with defendant's former attorney, since deceased, to substantiate plaintiff's claim that the payments were mistakenly referred to as alimony in the court's judgment. Based upon this evidence, the trial court found and concluded that the $400 monthly payments were part of the parties' property settlement and not alimony, so that defendant's obligation to pay did not terminate upon plaintiff's remarriage. The trial court then ordered that defendant pay $4,000 in arrearages and make future monthly payments in accordance with the consent judgment. From this order, defendant appeals.

Defendant argues that the consent judgment constituted the complete agreement of the parties, that the trial court erred in considering parol evidence to interpret its meaning and that the $400 monthly payment constituted alimony. We agree.

> [A] consent judgment is a contract between parties entered upon the record with the approval and sanction of the court. [Citation omitted.] A consent judgment must be construed in the same manner as a contract to ascertain the intent of the parties; it must be interpreted in light of the controversy and the purposes intended to be accomplished by it. . . . Where the language of the contract is plain and unambiguous, the construction of the agreement is a matter of law; the court may not ignore or delete any of its provisions, *nor insert words into it,* but must construe the contract as written, in light of undisputed evidence as to custom, usage and meaning of its terms.

*Minor v. Minor,* 70 N.C. App. 76, 79, 318 S.E. 2d 865, 867, *disc. rev. denied,* 312 N.C. 495, 322 S.E. 2d 558 (1984) (citations omitted) (emphasis supplied).

In the case *sub judice,* the trial court made numerous findings of fact concerning whether the parties considered the $400 monthly payments as alimony or as part of their property settlement. However, the trial court never made a finding that the consent judgment itself was ambiguous. If the judgment is not ambiguous, then the trial court erred in making findings as to what the parties intended in the signed judgment. Instead, the in-

tent of the parties should have been drawn from the document alone.

After a careful examination of the consent judgment incorporating the Deed of Separation and Property Settlement, we find that its terms are plain and unambiguous. The trial court erred in admitting and relying on parol evidence to construe the terms of the judgment. The judgment resolved all of the issues associated with the dissolution of the marriage. The Deed of Separation and Property Settlement provided for custody, child support, education of the children, and division of the property. In the paragraphs dividing the property, the household furnishings, motor vehicles, and stock were divided between the parties. The document provided for occupancy of the marital home and for its eventual sale with the proceeds divided equally between the parties. At the end of the paragraphs dividing the property, a separate paragraph provided for the $400 per month payments at issue herein, without specifying whether it was intended as alimony or part of the property settlement. In the consent judgment incorporating the Deed of Separation and Property Settlement, the $400 per month payment was twice denominated "alimony." There was no reference whatsoever to the distribution of the stock, vehicles, etc. We find this language clear and unambiguous; the $400 payment is alimony. The defendant's obligation to make the payments terminated upon plaintiff's remarriage in accordance with the mandate of N.C. Gen. Stat. § 50-16.9(b), which provides:

> If a dependent spouse who is receiving alimony under a judgment or order of a court of this State shall remarry, said alimony shall terminate.

The trial court erred in finding the payments to be part of the property settlement, in ordering defendant to pay arrearages, and in ordering defendant to make payments in the future. The order is vacated and the cause is remanded for entry of an order denying plaintiff's motion of 3 February 1986.

Vacated and remanded.

Judges BECTON and MARTIN concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.