KENNETH R. POTTS, Plaintiff v. SUSAN TUTTEROW (POTTS), Defendant

No. 9322DC196

(Filed 19 April 1994)

**1. Judgments § 25 (NCI4th)— written order entered 30 days after judgment announced—appeal within 30 days of entry of written judgment—appeal timely**

Where the trial court announced its decision to dismiss defendant's contempt motion on 13 October 1992 and filed a written order to that effect on 13 November 1992, defendant's notice of appeal filed on 11 December 1992 was timely, since there was no indication in the record that the trial court directed the clerk to make a notation of the judgment in the minutes, and entry of judgment therefore occurred when the written order was filed on 13 November.

**Am Jur 2d, Judgments §§ 52-57.**

**Comment Note.—Formal requirements of judgment or order as regards appealability. 73 ALR2d 250.**

**2. Divorce and Separation § 303 (NCI4th)— lump sum alimony to be paid in periodic payments—no vesting of lump sum— lump sum award terminated by defendant's remarriage**

Where the trial court ordered a lump sum alimony award in the amount of $54,420, and ordered plaintiff to make semimonthly payments of $452 until the entire lump sum was paid, the entire $54,420 did not vest at the time of the court's

order, and plaintiff's obligation to pay alimony was terminated by defendant's remarriage. N.C.G.S. § 50-16.9(b).

**Am Jur 2d, Divorce and Separation §§ 635-637, 680-683.**

**Alimony as affected by wife's remarriage, in absence of controlling specific statute. 48 ALR2d 270.**

Judge GREENE dissenting.

Appeal by defendant from order entered 13 November 1992 by Chief Judge Robert W. Johnson in Davie County District Court. Heard in the Court of Appeals 7 December 1993.

*Morrow, Alexander, Tash & Long, by C. R. Long, Jr.; and Victor M. Lefkowitz, for defendant-appellant.*

*James C. Eubanks and David F. Tamer for plaintiff-appellee.*

WYNN, Judge.

Plaintiff, Kenneth R. Potts, and defendant, Susan Tutterow (Potts), were married on 30 December 1979 and had two children. On 18 November 1988 plaintiff filed an action seeking divorce from bed and board, possession of the marital residence, and custody of the children. Defendant filed an answer and counterclaim seeking custody of the children, possession of the marital residence, and temporary and permanent alimony. The parties entered into a consent order on 5 April 1989 which provided that defendant would have possession of the marital residence, custody of the children, and child support. On 17 September 1991, upon a motion to set child support and alimony, the trial court made, *inter alia,* the following conclusion of law:

> 1. Plaintiff shall execute and deliver a deed to the house and eleven acre lot of land in Indian Hills Minifarms subdivision, Davie County, North Carolina, to Defendant, as alimony. Furthermore, Plaintiff shall pay into the office of the Clerk of Superior Court of Davie County, lump-sum alimony of $54,240, payable in semi-monthly installments of $452, beginning August 15, 1991, and continuing until the sum of $54,240 is paid. This sum, together with the equity in the house and lot shall be the only and entire alimony obligation of Plaintiff.

Defendant remarried on 8 August 1992. On 28 August 1992 defendant filed a motion asking that plaintiff be found in contempt

for his failure to comply with the 17 September order. After a hearing the trial court made the following findings of fact:

> THIS COURT FINDS from the record in this cause and specifically the Order dated September 17, 1991, that this Court found that Defendant was entitled to alimony in gross by transfer of the marital residence and relabilitative (sic) alimony in the amount of $54,240. Plaintiff's interest in the marital residence was ordered to be deeded to Defendant as alimony, and that this was done; The rehabilitative alimony was ordered to be paid in periodic payments.

> THIS COURT FINDS from the record that its Order dated September 17, 1991, was not a consent order; did not constitute a property settlement; is not ambiguous, and the Order clearly provides for periodic payments of alimony as defined by G.S. 50.16.1(1), 50-16.7(a); and

> That Plaintiff is not in violation of the Order dated September, 1991.

The trial court then concluded that plaintiff's obligation to pay the periodic payments of alimony was terminated by defendant's remarriage and dismissed defendant's motion for contempt. From this order, defendant appeals.

I.

[1] Initially we must address plaintiff's motion filed before this Court to dismiss defendant's appeal for failure to give timely notice of appeal. The trial court announced its decision to dismiss defendant's contempt motion on 13 October 1992 and filed a written order to that effect on 13 November 1992. Defendant filed a notice of appeal on 11 December 1992. Since there is no indication in the record that the trial court directed the clerk to make a notation of the judgment in the minutes, entry of judgment occurred when the written order was filed on 13 November. *Cobb v. Rocky Mount Bd. of Educ.*, 102 N.C. App. 681, 684, 403 S.E.2d 538, 540 (1991), *aff'd*, 331 N.C. 280, 415 S.E.2d 554 (1992); *Reed v. Abrahamson*, 331 N.C. 249, 415 S.E.2d 549 (1992). Therefore, defendant's appeal was filed within the thirty-day time period as provided by N.C.R. App. P. 3(c) and plaintiff's motion to dismiss is denied.

## II.

[2] Defendant contends that the trial court erred by concluding that plaintiff's alimony obligation was terminated by defendant's remarriage. Defendant argues that she received a lump sum alimony award which had accrued and vested and could not be modified or terminated. We disagree.

"Alimony" is defined as "payment for the support and maintenance of a spouse, either in lump sum or on a continuing basis, ordered in an action for divorce, whether absolute or from bed and board, or an action for alimony without divorce." N.C. Gen. Stat. § 50-16.1(1) (1987). The purpose of alimony is to provide support and maintenance for the dependent spouse. *Gilbert v. Gilbert*, 71 N.C. App. 160, 162, 321 S.E.2d 455, 456 (1984). Only the dependent spouse is entitled to alimony. *Williams v. Williams*, 299 N.C. 174, 179, 261 S.E.2d 849, 853 (1980); N. C. Gen. Stat. § 50-16.2 (1987). A dependent spouse is defined as one "who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1(3) (1987).

In the instant case, the trial court awarded defendant "lump-sum alimony of $54,240, payable in semi-monthly installments of $452, beginning August 15, 1991, and continuing until the sum of $54,240 is paid." Defendant argues that the lump sum of $54,240 vested when it was awarded and cites *McCall v. Harris*, 55 N.C. App. 390, 285 S.E.2d 335, *disc. rev. denied*, 305 N.C. 301, 290 S.E.2d 703 (1982) which held that a lump sum award of alimony accrues when it is granted. *McCall*, 55 N.C. App. at 392, 285 S.E.2d at 336.

In *McCall*, however, the wife first obtained a lump sum alimony award of $20,000 and $3,000 in attorney's fees. *Id.* at 390, 285 S.E.2d at 336. The husband then initiated a special proceeding to recover the excess funds remaining after the foreclosure of property he owned with the wife as tenants by the entirety. *Id.* at 390, 285 S.E.2d at 335. The husband argued that the wife had forfeited her right to the alimony award when she obtained a divorce since at that time an absolute divorce terminated all rights of a dependent spouse to receive alimony. *Id.* at 391, 285 S.E.2d at 336. The Court in *McCall* rejected the husband's argument and held that the lump sum alimony award had accrued upon judgment and was unaffected by the subsequent divorce decree. *Id.* at 392, 285 S.E.2d at 337.

POTTS v. TUTTEROW

[114 N.C. App. 360 (1994)]

The question presented by the case *sub judice* is whether a lump sum alimony award payable in semi-monthly installments survives defendant's remarriage. *McCall* did not address whether the dependent spouse's remarriage terminates her alimony award. N.C. Gen. Stat. § 50-16.9(b) provides: "If a dependent spouse who is receiving alimony under a judgment or order of a court of this State shall remarry, said alimony shall terminate." N.C. Gen. Stat. § 50-16.9(b) (1987). The supporting spouse is relieved of the obligation to pay any alimony which accrued subsequent to the dependent spouse's remarriage. *Allison v. Allison*, 51 N.C. App. 622, 626, 277 S.E.2d 551, 554, *disc. rev. denied*, 303 N.C. 543, 281 S.E.2d 660 (1981). *See also Garner v. Garner*, 88 N.C. App. 472, 363 S.E.2d 370 (1988) (Defendant's obligation to pay alimony of $400 per month for ninety-six months ceased upon plaintiff's remarriage); *Minor v. Minor*, 70 N.C. App. 76, 318 S.E.2d 865, *disc. rev. denied*, 312 N.C. 495, 322 S.E.2d 558 (1984) (Possession of marital home was an alimony award that would terminate upon dependent spouse's remarriage). Any alimony payments which have accrued and are unpaid at the time of the remarriage can still be recovered from the former supporting spouse. *See generally* 2 Robert E. Lee, *North Carolina Family Law* § 154 (4th ed. 1980). Therefore, a lump sum alimony award that has vested prior to the dependent spouse's remarriage survives the remarriage. *See McCall*, 55 N.C. App. at 392, 285 S.E.2d at 337.

Did the lump sum award in the subject case vest prior to the defendant's remarriage? For the following reasons, we find that it did not. In *Faught v. Faught*, 50 N.C. App. 635, 274 S.E.2d 883 (1981) this Court held that execution is only available for past due installments of alimony and "with respect to the payment of alimony *in futuro*, no indebtedness would arise upon which execution could issue until each installment became due." *Faught*, 50 N.C. App. at 639, 274 S.E.2d at 886-7. In the case *sub judice*, therefore, defendant was only entitled to semi-monthly payments of $452. If plaintiff failed to make one of the payments, defendant could only execute on that amount—she was not entitled to the entire balance owed. We thus conclude that the entire amount of $54,420 did not vest when it was awarded. Therefore, defendant's remarriage terminated plaintiff's obligation to pay alimony.

We disagree with the dissent's statement that "[t]he only issue in this case is whether the award the trial judge made is in the nature of a 'lump sum payment' or 'periodic payments.'" Whether

the alimony award is in the form of a "lump sum" or "periodic payments" is irrelevant since N.C. Gen. Stat. § 50-16.9(b) clearly provides that the supporting spouse's obligation to pay *any* alimony is terminated by the dependent spouse's remarriage and the statute does not distinguish between the method of payment. *See Martin v. Martin*, 26 N.C. App. 506, 216 S.E.2d 456 (1975) (Alimony award of $100 a month for five years terminated by dependent spouse's remarriage); *Garner*, 88 N.C. App. at 475, 363 S.E.2d at 672.

Instead, the issue in the instant case is whether the dependent spouse's right to the $54,240 *vested* at the time of the judgment or whether she was just entitled to semi-monthly payments of $452 until the sum of $54,240 was paid. The authority cited by the dissent recognizes that if a lump sum award has vested, then the award is not alimony but rather a property settlement. *See* 2 Homer H. Clark, Jr., *The Law of Domestic Relations in the United States* § 17.5, at 270 (2d ed. 1987) ("An award of alimony in gross is . . . impossible to distinguish from a property division on divorce where the latter is to be accomplished by cash payments.") Our courts have held that support payments which constitute reciprocal consideration for a property settlement are not alimony in the true sense of the word and are not subject to modification. *Hayes v. Hayes*, 100 N.C. App. 138, 146, 394 S.E.2d 675, 679 (1990); *see Marks v. Marks*, 316 N.C. 447, 342 S.E.2d 859 (1986); *Rogers v. Rogers*, 111 N.C. App. 606, 432 S.E.2d 907 (1993). There is, however, no indication of any such reciprocal consideration in the instant case. Therefore, the alimony award, unless it has vested, terminates upon the dependent spouse's remarriage. Because we conclude the alimony award had not vested, plaintiff's obligation to pay alimony ceased upon defendant's remarriage. *See Martin*, 26 N.C. App. at 509, 216 S.E.2d at 458.

We note further that the dissent equates the alimony award in this case with a vested pension. In the pension context "vesting" is defined as " 'when an employee has completed the minimum terms of employment necessary to be entitled to receive retirement pay at some point in the future." *Milam v. Milam*, 92 N.C. App. 105, 106-7, 373 S.E.2d 459, 460 (1988), *disc. rev. denied*, 324 N.C. 247, 377 S.E.2d 755 (1989) (quoting *In re Marriage of Grubb*, 745 P.2d 661 (Colo. 1987)). In the instant case, however, there is no indication that defendant was entitled to receive anything more than semi-monthly payments of $452. Plaintiff's obligation to make

these payments therefore terminated upon defendant's remarriage. *Allison*, 51 N.C. App. at 626, 277 S.E.2d at 554.

For the foregoing reasons, the order of the trial court is

Affirmed.

Judge COZORT concurs.

Judge GREENE dissents in separate opinion.

Judge GREENE dissenting.

I agree with the majority that any part of the alimony award which accrued prior to the defendant's remarriage remains payable and is not subject to divestment. I disagree, however, with the conclusion that only those portions of the award which were payable before the defendant's remarriage were accrued.

"[A] lump sum award of alimony accrues when it is granted," *McCall v. Harris*, 55 N.C. App. 390, 392, 285 S.E.2d 335, 336, *disc. rev. denied*, 305 N.C. 301, 290 S.E.2d 703 (1982), and at that point the award becomes final and is not subject to modification. 2 Homer H. Clark, Jr., *The Law of Domestic Relations in the United States* § 17.5, at 270 (2d ed. 1987) (hereinafter *Clark*).

The only issue in this case is whether the award the trial judge made is in the nature of a "lump sum payment" or "periodic payments." N.C.G.S. § 50-16.7(a) (1987). The order itself explicitly labels the alimony as "lump sum" and the fact that the award is payable in "installments" over a period of time does not alter its character. 2 *Clark* § 17.5, at 269-70 (lump sum alimony is alimony payable "at once or in installments"). In fact, "an award of alimony for a specified period of time" has been classified by our Supreme Court as "indubitably alimony in gross or 'lump sum alimony.' " *Whitesell v. Whitesell*, 59 N.C. App. 552, 552, 297 S.E.2d 172, 173 (1982), *disc. rev. denied*, 307 N.C. 583, 299 S.E.2d 653 (1983) (citing *Mitchell v. Mitchell*, 270 N.C. 253, 257, 154 S.E.2d 71, 74 (1967) ). *See Taylor v. Taylor*, 46 N.C. App. 438, 443-44, 265 S.E.2d 626, 629-30 (1980) (classifying $50,000 alimony award as "lump sum" even though it was "payable $30,000.00 within ten days of entry of judgment and the balance of $20,000.00 within four months thereafter").

POTTS v. TUTTEROW

[114 N.C. App. 360 (1994)]

In this case, the trial court ordered plaintiff to pay "lump-sum alimony of $54,240, payable in semi-monthly installments of $452, . . . until the sum of $54,240 is paid." Such an award is an award of a definite sum payable over a specified period of time and, as such, is an award of lump sum alimony. *See Mitchell*, 270 N.C. at 257, 154 S.E.2d at 74; *Whitesell*, 59 N.C. App. at 552, 297 S.E.2d at 173.

In this case, the award of lump sum alimony accrued, and defendant's right to receive $54,240 therefore vested, upon entry of the order. *McCall*, 55 N.C. App. at 392, 285 S.E.2d at 336. Defendant at that time possessed a vested, non-modifiable right to receive $54,240, although actual receipt of the total amount was delayed until an ascertainable point in the future. *Cf. Milam v. Milam*, 92 N.C. App. 105, 106-07, 373 S.E.2d 459, 460 (1988) (in equitable distribution action, pension was vested although not receivable until some point in the future), *disc. rev. denied*, 324 N.C. 247, 377 S.E.2d 755 (1989); 2 Robert E. Lee, *North Carolina Family Law* § 169.8, at 235 (Supp. 1993) (inequitable distribution, pension rights, although vested, may not be payable until future date). This case is thus distinguishable from *Faught*, relied upon by the majority, because in that case, the payments of alimony were periodic in nature and did not vest until each payment was due. *Faught v. Faught*, 50 N.C. App. 635, 636, 274 S.E.2d 883, 885 (1981). Furthermore, it is immaterial that immediate execution is not an available remedy with regard to the payments due in the future because vesting is an issue separate from execution.

Because defendant possessed a vested, non-modifiable right to receive the lump sum alimony award on the date the order was entered, her subsequent remarriage therefore did not operate to terminate her right to receive $54,240 from plaintiff. I would therefore reverse the trial court and remand for a hearing on the defendant's motion for contempt.